665 So.2d 1221 (1995)
Adolf VIESEL
v.
REPUBLIC INSURANCE COMPANY, U-Haul, Inc., Steve Bourgeois and General Motors Corporation.
No. 95-CA-0244.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1995.
*1222 Jerry L. Saporito, Michael D. Sledge, O'Neil, Eichin, Miller, Breckinridge & Saporito, New Orleans, for Defendant/Appellee Republic Insurance Company.
Patrick G. Kehoe, Jr., Birdsall, Rodriguez & Kehoe, New Orleans, for Plaintiff/Appellant.
Before CIACCO, LOBRANO and JONES, JJ.
LOBRANO, Judge.
This appeal arises from a judgment of the trial court dismissing plaintiff-appellant, Adolf Viesel's, suit against defendant-appellee, Fleetwood Motor Homes of Indiana, on grounds of abandonment.

FACTS AND PROCEDURAL HISTORY:
On October 6, 1986, Viesel was injured when he was struck in the head by a falling bed. The bed was located above the driver's seat in a "Southwind" recreational vehicle which Viesel rented from U-Haul Company. Fleetwood Motor Homes was the manufacturer of the vehicle.
On September 17, 1987, Viesel filed suit against several defendants, including Fleetwood, to recover for his injuries. The suit proceeded with various pleadings filed by all parties.
On July 20, 1989, Fleetwood filed a Motion to Compel Discovery.
On August 10, 1989, Viesel filed a Motion to Compel Specific Answers to Interrogatories.
A consent judgment on Fleetwood's Motion to Compel Discovery was signed August 17, 1989. A hearing on Viesel's Motion to Compel Specific Answers to Interrogatories was initially set for September 7, 1989. The record does not reflect if this hearing was held or if the consent judgment disposed of both motions. No other activity is reflected in the record until July 19, 1994 when Viesel filed a notice scheduling the deposition of his treating physician, Dr. Raeburn Llewellyn.
On September 6, 1994, Fleetwood filed a Motion to Dismiss on the grounds of abandonment pursuant to Louisiana Code of Civil Procedure Article 561. The trial court granted the motion and the suit was dismissed. The video deposition of Dr. Llewellyn was subsequently conducted on October 26, 1994.
Appellant appeals the judgment of the trial court dismissing his suit asserting it was error for the court to fail to recognize the *1223 filing of the notice of deposition as a "step" in the prosecution of the case. Fleetwood counters by arguing that the notice of intent to take the deposition could not be considered a "step" in the prosecution of the action because the actual deposition was not taken until October 26, 1994, beyond the five year abandonment period. Fleetwood also asserts that at the time the case was reviewed for possible abandonment, the notice of intent was not actually in the court record. Since it was incumbent upon Viesel to insure his notice was properly filed, Fleetwood asserts that equity should favor their reliance on the incomplete record.
After a careful review of the record we find the trial court erred in granting the motion to dismiss.
Louisiana Code of Civil Procedure Article 561 provides:
"A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, ..."
In Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983), our Supreme Court succinctly stated:
"By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some `step' in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last `step' taken by either party. (citation omitted).
A party takes a `step' in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. (citation omitted).
The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence." at p. 532.
Article 561 is not to be used to dismiss cases where the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir.1976), writ denied, 341 So.2d 420 (La.1977). Article 561 is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned. Shulver v. Slocum, 566 So.2d 1089 (La.App. 2nd Cir. 1990), writ denied, 569 So.2d 984 (La.1990). A notice of intent to take a deposition does constitute a "step" in the prosecution of an action. See, Highlands Insurance Co. v. City of Lafayette, 453 So.2d 608 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 119 (La. 1984).
We conclude that Viesel took a formal step in the prosecution of his action as evidenced by the Notice of Intent "clocked in" by the clerk of court on July 19, 1994. Why the Notice of Intent was not actually filed in the record at the time it was reviewed by the trial court is not known. Even if we assume the clerk of court failed to timely place the pleading in the record, this failure cannot be charged to plaintiff. See, Ellzey v. Employers Mutual Liability Insurance Co., 388 So.2d 843 (La.App. 2nd Cir. 1980), writ denied, 394 So.2d 617 (La.1980). Viesel had every reason to believe that the clerk of court timely filed the Notice of Intent into the record. Unlike the facts in Ledet v. Firemen's Insurance Company of Newark, New Jersey, 327 So.2d 645 (La.App. 4th Cir.1976), cert. denied, 330 So.2d 914 (La.1976), no protracted period of time elapsed which should have placed Viesel on notice that something was amiss and that the formal "step" to prosecute his claim never took place.
Furthermore, we distinguish our previous holding in Picone v. Lyons, 94-2428 (La.App. 4th Cir. 4/26/95), 653 So.2d 1375, writ denied, 95-1506 (La. 9/29/95), 660 So.2d 852. In that case we noted that because interrogatories to non-parties are not a form of discovery procedure recognized by the *1224 Code of Civil Procedure they cannot constitute a step in the prosecution. See, LSA-C.C.P. art. 1457 and 1458 which refers only to parties. However, the deposition articles, LSA-C.C.P. art. 1429-1456 use the terms "person" and "witness." As the Code of Civil Procedure recognizes depositions of non-parties, a deposition of a non-party is a step in the prosecution of a case.
For the reasons assigned above, the judgment of dismissal is reversed. The case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.