708 So.2d 746 (1997)
Howard PARSON
v.
Jeffery DAIGLE, Oilfield Testers & Equipment Co. and Tubular Management Corporation.
No. 96 CA 2569.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
Linda M. Meyer, New Orleans, for Plaintiff-Appellant.
Dale H. Hayes, Morgan City, for DefendantAppellee Jeffery Daigle.
J. Lee Wimberley, Jr., Church Point, for Defendant-Appellee Oilfield Testers & Equipment.
*747 J. Dana Ortego, Huntington B. Downer, Jr., Houma, for Defendant-Appellee Patterson Truck Line.
Thomas L. Mahfouz, Morgan City, for Intervenor Lippman, Mahfouz, Martin, & Larocca.
Robert B. Keaty, Lafayette, for Intervenor Robert B. Keaty.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
The salient issue raised on appeal in this personal injury action is whether the trial court erred in determining that the action was abandoned pursuant to LSA-C.C.P. art. 561.
This suit arises from an accident which occurred on or about July 11, 1983. Plaintiff alleges he sustained injuries when he was struck by an automobile while riding a bicycle on a public street near Morgan City. He filed the instant suit on June 12, 1984, naming several defendants, including: Jeffery Daigle ("Daigle"), operator of the automobile; Tubular Management Corporation ("Tubular"), Daigle's employer and owner of the automobile; Northwest Insurance Company, Tubular's insurer; and Patterson Truck Line, Inc. ("Patterson"), owner of the parking lot from which Daigle was exiting when he struck plaintiff.
The record herein reveals the following pertinent dates and facts. On November 28, 1990, Patterson responded to plaintiff's request for production of documents by filing copies of certain insurance policies into the court record. A motion to substitute Linda Meyer as plaintiff's counsel of record was filed on August 20, 1993. No other entries appear in the court record until December 5, 1995, when Patterson filed a motion to dismiss the suit nunc pro tunc, as of November 28, 1995, pursuant to LSA-C.C.P. art. 561.[1] The order dismissing plaintiff's suit on the ground of abandonment was also signed on December 5, 1995.
Subsequently, plaintiff filed a motion for new trial. Following a hearing regarding plaintiff's motion, the trial judge issued written reasons for judgment wherein he denied the motion for new trial holding that the motion was filed untimely, and alternatively, that even if it had been filed timely, the motion would be denied on the merits since "no steps were taken in the prosecution of the action for more than five (5) years under LSA-C.C.P. Art. 561." Plaintiff appeals, asserting that the trial judge erred in determining that the action was abandoned.
LSA-C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. In Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), the Louisiana Supreme Court discussed the requirements of article 561 as follows:
By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party....
....
... any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence.
Melancon, 307 So.2d at 310-312 (emphasis omitted). A party takes a step in the prosecution or defense of a suit when he takes a formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
In the instant case, appellant relies upon two activities which took place during the pertinent five-year period, which he maintains constituted steps in the prosecution of the suit. Initially, appellant asserts *748 that a motion to set for trial submitted to the office of the clerk of court on October 16, 1991, was a step in the prosecution of the action which interrupted the five-year abandonment period. This motion was presented to the clerk of court on October 16, 1991, on which date it was stamped as "received" by the clerk's office. However, it was not filed into the court record and was returned to appellant's counsel with the following notations: "[n]ot considered," "[n]o cert[ification] of readiness attached as required by court rules," and "[p]lease comply with Rule 8.1 see attached." The motion was never resubmitted to the clerk's office for filing.
In written reasons for judgment, the trial judge noted that, although the motion to set for trial was submitted to the clerk of court for filing, it "was not accepted for filing and was returned to the plaintiff" for failure to comply with local procedural rules. The trial judge held that since "[t]he [m]otion was never resubmitted in proper form and the suit file does not and never did contain this motion" it could not be considered as a step in the prosecution of the action.
There is no dispute that the court record is void of any pleading which could constitute a step in prosecution of the suit for a period in excess of five years, from November 28, 1990, until December 5, 1995. The only pleading of record during this period is a motion to substitute counsel, and such motions are not considered formal steps before the court in prosecution of the suit. Willey v. Roberts, 95-1037 (La.App. 1 Cir. 12/15/95); 664 So.2d 1371, writ denied, 96-0164 (La.3/15/96); 669 So.2d 422. Appellant's counsel admitted the motion was returned to her for failure to comply with local procedural rules. She further admitted she was aware the motion was never filed into the court record, yet she never resubmitted it for filing. We find that this action is insufficient to constitute a step in the prosecution of the suit so as to preclude dismissal of the action under the abandonment rule.[2]
Alternatively, appellant contends that correspondence from attorney James R. Hashek dated December 16, 1993, to counsel for Patterson was a step in the prosecution of the action. The letter advised that Mr. Hashek would be assisting appellant's counsel in representing appellant and also inquired "with respect to whether [either Patterson Group of Companies or Patterson Services, Inc.] is a parent of Patterson Trucking Co., and, if so, whether it joined the trucking company in bankruptcy." Appellant maintains that this correspondence was an "informal discovery" request, and as such, should be considered a step in the prosecution of his lawsuit. However, the jurisprudence is clear that such correspondence between counsel does not qualify as a formal action in or before the court sufficient to interrupt abandonment, even when such correspondence is filed into the court record. Cf. Chevron, 436 So.2d at 533.
In summary, we find neither submission of the motion to set for trial nor the attorney letter was sufficient to interrupt the period for abandonment set forth in LSA-C.C.P. art. 561. According to the record, the last formal step taken in this action was on November 28, 1990. Thus, we find the trial court did not err in determining that appellant's suit was abandoned.
Appellant also asserts the trial court erred by failing to grant the motion for new trial. Considering the disposition of the previous issue, we find the trial court did not abuse its discretion in denying the motion for new trial on the merits; therefore, we need not address the issue raised by appellant concerning the timeliness of the motion. Appellant further asserts the trial court erred in refusing to vacate and set aside the judgment of dismissal. Following a complete review of the record, we find the trial court did not err in denying this relief.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this *749 appeal are assessed against appellant, Howard Parsons.
AFFIRMED.
NOTES
[1] We note that the legislature amended LSAC.C.P. art. 561 by Acts 1997, No. 1221, § 1, effective July 1, 1998.
[2] We are aware that a nearly identical issue was addressed in Zion v. Stockfieth, 616 So.2d 1373 (La.App. 5 Cir.), writ denied, 620 So.2d 882 (La. 1993), which held that submission for filing of a motion to set for trial was a step in the prosecution of the action even though the motion was never filed in the record and was returned to plaintiff because certain court costs were overdue. However, we disagree with our brethren in the Fifth Circuit and decline to adopt this view.