749 So.2d 881 (1999)
Thomas Richard BRISTER a/k/a Rickey Brister, et al., Plaintiff-Appellee,
v.
MANVILLE FOREST PRODUCTS, et al., Defendant-Appellee.
Jimmy Don Harmon, Plaintiff-Appellee,
v.
Manville Forest Products, et al., Defendant-Appellee.
Nos. 32,386-CA, 32,387-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 1999.
*882 Caffery, Oubre, Dugas & Campbell by Michael M. Caffery, New Iberia, Counsel for Appellee, H.B. Zachry.
Galloway, Johnson, Tompkins & Burr by Larry M. Canada and Brynn M. Baiamonte, New Orleans, Counsel for Appellant, Combustion Engineering, Inc.
Before NORRIS, C.J., and STEWART, CARAWAY, PEATROSS and DREW, JJ.
NORRIS, Chief Judge.
Combustion Engineering, Inc., ABB Combustion Systems and ABB, Inc., third party plaintiffs, appeal a judgment of dismissal for abandonment filed by third party defendants, H.B. Zachry Company. We reverse and remand.

Facts
Combustion Engineering Canada, Inc., Combustion Engineering Inc, and ABB Combustion, Inc. (collectively referred to as "Combustion") and H.B. Zachry Company (Zachry) were retained by Manville Forest Products Corp. (now Riverwood International Corp.) to construct a boiler for a paper mill. The boiler was powered by natural gas; the natural gas system within the boiler was vented on the roof of the boiler through a perpendicular pipe ending in an inverted "U" shape. On April 16, 1990, Zachry's employees Ricky Brister, Jimmy Harmon, and Mike Rawls were ordered to the roof to remove a temporary steam blow line by cutting it with an acetylene torch. At the same time, the boiler was being tested to see if it would fire and function as designed. The test required the venting of the natural gas through the pipe, which due to the design was vented near the men who were working with an open flame. When the natural gas was vented and came into contact with the open flame, an explosion and fire occurred, resulting in physical injury to Brister and Harmon.
Brister and Harmon filed suit against Riverwood and Combustion. The suits were consolidated and removed to the federal district court on May 17, 1991, where Combustion filed an impleader (third party demand) against Zachry. The case was remanded to the state court on December 29, 1992. The principal demands filed by Brister and Harmon were settled; Combustion reserved its rights against Zachry pursuant to a partial dismissal filed on August 3, 1994. On July 2, 1996, counsel for Combustion (through ABB's attorney) sent a letter to counsel for Zachry, expressing his desire to complete the last half of Zachry's corporate deposition and set the matter for trial. Attached to the letter was a notice of intent to conduct the deposition on August 5, 1996, at 9:00 a.m. in New Orleans. The letter did go on to state that if counsel for Zachry "should wish to conduct [the] deposition at a different *883 place, date or time," to advise him. Counsel for Zachry responded by letter dated August 2, 1996, stating that he had been unable to make the arrangements with a Zachry representative to "respond to your notice of 1442 deposition" and would get back in touch with counsel for Combustion "within the next week or so with a date, time and place" to complete the deposition. Thereafter, because the deposition was not completed, counsel for Combustion filed another notice of deposition on July 17, 1998 for the same deposition to be conducted August 31, 1998 in New Orleans; this notice was filed in the record. To this notice, Zachry responded with a motion for dismissal on the basis of abandonment, asserting that no action in prosecution or defense had taken place for a period in excess of three years.
The 1996 notice of deposition, though mailed to opposing counsel, was not filed into the record until September 16, 1998, pursuant to the district court's request. (Rp. 343-344). Finding that no notice of deposition was ever filed or produced, the district court granted the motion to dismiss.

Law and Analysis
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." La. C.C.P. art. 561.[1] The policy underlying this requirement is to prevent protracted litigation which is filed for purposes of harassment or without serious intent to hasten the claim to judgment. Viesel v. Republic Ins. Co., 95-0244 (La.App. 4th Cir.11/30/95), 665 So.2d 1221, writ denied 95-3099 (La.2/16/96), 667 So.2d 1058. However, the law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has his day in court. Jones v. Phelps, 95 0607 (La.App. 1st Cir.11/9/95), 665 So.2d 30, writ denied 95-2907 (La.2/2/96), 666 So.2d 1104. Article 561 is to be liberally interpreted and any action or step taken to move the case toward judgment should be considered; article 561 was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. Id; Viesel v. Republic Ins. Co., supra; Sullivan v. Cabral, 32,454 (La.App.2d Cir.10/27/99), 745 So.2d 791.
Prior to the 1997 amendment to art. 561, to interrupt the tolling of the time period for abandonment, the "step" in the prosecution must have been filed in the record. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). What constituted a "step" in the prosecution included anything which was designed to hasten a case to trial. See Shulver v. Slocum, 566 So.2d 1089 (La. App. 2d Cir.), writ denied 569 So.2d 984 (1990) (a letter by plaintiffs attorney requesting service of process upon one of the defendants constituted a step in prosecution); Parson v. Daigle, 96 2569 (La.App. 1st Cir.12/29/97), 708 So.2d 746 (motion to substitute counsel is not considered a step in the prosecution of an action). A notice of intent to take a deposition, when filed in the record, was considered a step in the prosecution of an action; a notice initiated the deposition and a deposition moved litigation toward conclusion. Highlands Ins. Co. v. City of Lafayette, 453 So.2d 608 (La.App. 3d Cir.), writ denied 458 So.2d 119 (1984); Viesel v. Republic Ins. Co., supra.
The 1997 amendment to Article 561 added paragraph B, which provides that "[a]ny formal discovery as authorized by this Code and served on all parties, whether or not filed of record ... shall be deemed to be a step in the prosecution or defense of an action." The absence of a filing requirement is underscored by art. 1474 which authorizes service by mail of discovery notices in accordance with art. 1313 and states that "[t]he serving of any *884 discovery materials pursuant to ... this Article shall be considered a step in the prosecution or defense of an action for purposes of Art. 561, notwithstanding that such discovery materials are not filed in the record of the proceeding." La. C.C.P. art. 1474 C(4). This includes the service of notices. La. C.C.P. art. 1474 A.
Of course, before a party may take a deposition, he must give reasonable notice in writing to every other party to the action. La. C.C.P. art. 1438. A pleading may, under an express provision of law, be served by mail, but the party making such service must file a certificate in the record of the manner in which service was made. La. C.C.P. art. 1313. In Charpentier v. Goudeau, 95-2357 (La.App. 4th Cir.3/14/96), 671 So.2d 981, the court held that if the party properly mailed an interrogatory to another party, the failure to file in the record an art. 1313 certification did not render the service ineffective; such service still constitutes a step in the prosecution and averted a dismissal for abandonment.
As noted, prior to the 1997 amendment of art. 561, filing a notice of deposition in the record was considered a step in the prosecution. Viesel, supra; Highlands, supra. Article 561 now treats any formal discovery as a step in the prosecution, whether or not filed in the record, provided it has been served on all parties. A notice of deposition served on the adverse party by mail is formal discovery. The District Court was plainly wrong in finding that Combustion's failure to file the 1996 notice of the deposition into the record amounted to abandonment. In point of fact, Zachry's reply of August 2 shows that the notice was sufficiently served on Zachry to satisfy article 1313. Moreover, failure to file the certification of the manner service was made does not defeat the validity of the notice. Charpentier, supra. The letter with the notice, received by Zachry, clearly expressed Combustion's intent to hasten the matter to judgment.
As such, the District Court erred in concluding that Combustion's actions in July 1996 did not constitute a step in the prosecution. The judgment of dismissal will be reversed.

Conclusion
For the above reasons, the judgment dismissing the third party plaintiffs' demands is reversed. Costs are assessed to H.B. Zachry Inc.
REVERSED AND REMANDED.
CARAWAY, J., dissents with written reasons.
PEATROSS, J., dissents for the reasons assigned by CARAWAY, J.
CARAWAY, J., dissenting.
The majority's analysis misinterprets the law on the abandonment of an action and the recent legislative amendments by failing to closely track the history of the law's development. Secondly, the opinion mischaracterizes an informal proposal for a deposition as a binding notice of deposition. With such error involving both the law and the facts of this case, I respectfully dissent.
When the trial court was presented with the defendant's motion for dismissal for abandonment, there was nothing in the suit record to show that any step or action in the prosecution of the case had occurred for over three years. Thus, in keeping with the self-operative nature of La. C.C.P. art. 561, the action would be considered abandoned even "without formal order," without contradictory hearing, because the record alone reveals abandonment. See, original Comments La. C.C.P. art. 561. Before the recent amendments by Act 388 of 1989 and Act 1221 of 1997, the supreme court said in Chevron v. Traigle, 436 So.2d 530, 532 (La.1983), that formal action "before the court and on the record" was necessary for a "step" in the prosecution. "In this way, examination of the record will reveal the status of litigation with certainty and without resort to *885 extrinsic evidence." Id. The court thus recognized that which Article 561's sanctioning of the ex parte ruling implies. The trial court should look solely at the suit record and rule.
With the passage of Act 388 of 1989, amending discovery Articles 1446 and 1474 of the Code of Civil Procedure, this prohibition against the resort to extrinsic evidence outside the suit record was statutorily modified. First, in addressing depositions, the legislature added La. C.C.P. art. 1446(D) providing that:
The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings.
By amending a discovery article specifically addressing depositions, the legislature allowed for a step in the prosecution of the action by the taking of a deposition. In providing for such a step, the amendment suggests that the step occurs whether or not such deposition was preceded by a filed notice or other suit filing regarding such deposition. Therefore, since the taking of a deposition is an act outside the record of the suit, the 1989 amendment to Article 1446 makes an exception to the rule that extrinsic evidence cannot be used to defend against abandonment. In review of this legislative change regarding depositions, it is noteworthy that the legislature did not elect to make the informal, off the record, exchange of a notice of deposition a step in the prosecution of the case.
Likewise, in the same act of 1989, the legislature made a second statutory exception regarding the exchange of discovery materials between the parties. Article 1474 was amended to provide that "discovery materials," identified as "interrogatories and answers thereto, requests for production or inspection, and requests for admission and the responses thereto," "shall not be filed in the record." La. C.C.P. art. 1474(B). With that significant change in the law, a new provision, Article 1474(C)(4), was also added to allow for such off-the-record exchange of discovery materials to be considered as a step in the prosecution of the action.
From this review of the two exceptions created by Act 388 of 1989, it can readily be seen that the legislature addressed two off-the-record discovery settings in separate codal articles and allowed each, the taking of a deposition and the exchange of discovery materials, to be established by extrinsic evidence as events constituting a step in the prosecution of an action. Neither amendment, in my opinion, addressed the effect of a notice of deposition. The majority's focus on the Act's addition of Article 1474(C)(4), which addressed the informal exchange and service of the "discovery materials" listed in the newly enacted Paragraph B, misses the legislative intent reflected in the entirety of Act 388. Since the legislature only allowed the taking of a deposition to be a step and did not define "discovery materials" to include a notice of intent to take a deposition, Article 1474(C)(4) is improperly used in aid of the majority's reasoning.
The second and most recent legislative action concerning this issue occurred with Act 1221 of 1997 with the inclusion of new Paragraph B to La. C.C.P. art. 561. The new provision provides as follows:
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Contrary to the strained construction given to this provision by the majority, I believe this 1997 amendment to the abandonment article only reflects and references the prior 1989 amendments to the discovery articles.
The first phrase "any formal discovery as authorized by this Code and served on all parties whether or not filed of record" is a reference to the authorization of Article *886 1474(B) for the service without formal filing of the discovery materials discussed above. This is a unique authorization for service without the necessity for filing the discovery pleading and, for the purposes of a step preventing abandonment, without the necessity for the filing of the certificate of service required by La. C.C.P. art. 1313(B). See, Charpentier v. Goudeau, 95-2357 (La.App. 4th Cir.3/14/96), 671 So.2d 981 and compare, Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971). Service for a notice of deposition is granted no such exception under La. C.C.P. art. 1474, and the formal requirements of La. C.C.P. art. 1313 still apply. The second phrase of Paragraph B, "including the taking of a deposition with or without formal notice," is a direct reference to Article 1446(D). Thus, new Paragraph B of Article 561 confirms the steps for preventing abandonment which, by virtue the 1989 amendments, are the only authorized steps which occur outside the suit record necessitating proof by extrinsic evidence.
Nevertheless, the majority would construe "formal discovery" under this new paragraph to include a notice of deposition which itself was never filed in the record and which was never referenced in the suit record by a filed certificate of service under La. C.C.P. art. 1313(B). Such a notice rests on no formal footing within the suit record and has no authorization under Article 1474 dismissing the need for a formal filing. The majority holds that this formal discovery occurs only by the mailing of the notice, an informal action divorced from any link to the formal suit record, and the equivalent of an informal letter by counsel advising opposing counsel of the time and place for a deposition. Thus, this most liberal construction of "formal discovery" to include a mailed, unfiled notice leaves no room for an event which might constitute informal notice of a deposition. Yet, informal notice is expressly recognized in the other language of new Paragraph B, contrasting the taking of a deposition "with or without formal notice." I therefore conclude that a notice of deposition for purposes of abandonment is only formal when the normal mailing and filing requirements of La. C.C. art. 1313 are met. It is informal when a letter is sent or when a captioned notice is mailed with nothing filed in the suit record.
Finally, apart from the legal issue of the informality of the notice, the facts of this case further demonstrate that the asserted notice of deposition was presented to opposing counsel in a letter which conditioned the taking of the deposition on a proposed date if convenient for defense counsel. The letter thus allowed defendant's counsel to totally reject the date altogether. Such tentative notice gives no notice of anything.
In summary, the codal scheme historically has required action evidenced on the suit record to prevent the barring of the suit by abandonment. While the 1989 amendments to the code have allowed certain discovery procedures outside the suit record to serve as steps preventing abandonment, the informal, non-binding proposal for the taking of the deposition in this case is insufficient to prevent abandonment.
PEATROSS, J., concurs.
NOTES
[1] This article was amended in 1997 to change the time period required to take action from five years to three.