787 So.2d 322 (2001)
Arcema BREAUX, et al.
v.
AUTO ZONE, INC., et al.
No. 00 CW 1534.
Court of Appeal of Louisiana, First Circuit.
December 15, 2000.
Writ Denied March 16, 2001.
*323 Andrew Blanchfield and Kristen K. Morgan, for Defendant/Applicant Quality Automotive Company.
R. Lane Royer, for Plaintiff/Respondent Arcema Breaux.
Before: LeBLANC, WHIPPLE, and KUHN, JJ.
PER CURIAM.
This matter is before us on an application for supervisory writs wherein Quality Automotive Company seeks review of the trial court's judgment denying its motion to dismiss plaintiffs' suit on the basis of abandonment.

FACTS
According to the writ application, plaintiffs Arcema and Stephanie Breaux filed a petition for damages on July 12, 1993, due to an automobile accident which occurred on November 13, 1992; plaintiffs' petition alleges that either one or both defendants, Quality Automotive Company and Auto Zone, Inc., manufactured defective brake pads which were installed in plaintiffs' vehicle before this accident.
In its motion to dismiss for abandonment, relator, Quality Automotive Company, alleges that the last pleading and/or motion filed in the record was a subpoena duces tecum filed on April 17, 1996. Then, on January 12, 2000, plaintiffs filed a notice of deposition. Relator alleges that no step in the prosecution or defense was made from April 17, 1996 through January 12, 2000. The only item attached to the motion to dismiss and in the writ application is a printout of the suit ledger from the Livingston Parish Clerk of Court's office showing the activity in the suit. Plaintiffs do not dispute relator's allegation regarding the inactivity, but argue that a letter their counsel sent to relator on August 26, 1997, which stated that attached were additional medical reports from September 23, 1996, October 14, 1996, November 4, 1996, November 6, 1996, May 19, 1997, and July 14, 1997, constituted a step in the prosecution of the suit so as to interrupt the abandonment period. Plaintiffs refer to prior interrogatories propounded by relator wherein plaintiffs were asked to attach copies of all medical reports received from attending physicians since the date of the accident. Plaintiffs were also asked to supplement the answers to the interrogatories as required by La.Code Civ. P. art. 1428.
The trial court denied the motion, finding that the letter plaintiffs' counsel sent to relator's counsel to which were attached medical reports interrupted the abandonment period. From this ruling, relator seeks writs.

DISCUSSION
La.Code Civ. P. art. 561 as amended in 1997 states, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, ...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service *324 to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
To avoid the abandonment of an action, a plaintiff must take a step in the prosecution of his lawsuit, the step must be taken in the trial court, and it must occur within 3 years of the last step taken by either party. Prior to the 1997 amendment, the jurisprudence held that a step was taken by a party when formal action was taken before the court and on the record with the intent to hasten the matter to judgment. See Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983); Richey v. Fetty, 96-2762 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257.
Article 561 is to be liberally interpreted and any action or step taken to move a case toward judgment should be considered. The article was not intended to dismiss those cases in which plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit. Dismissal of the lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. Jones v. Phelps, 95-0607 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. Article 561 is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned. American Eagle, Inc. v. Employers' Liability Assurance Corporation, Ltd., 389 So.2d 1339 (La.App. 1 Cir.1980), writs denied, 396 So.2d 885, 886 (La.1981).
Relator contends that the letter and enclosures sent by plaintiffs' counsel were not before the court or in the record, such that they were not a step in the prosecution. Relator contends that La. Code Civ. P. art. 1474 requires that discovery be served on an adverse party as required in La.Code Civ. P. art. 1313. La. Code Civ. P. art. 1474 states, in pertinent part,
A. Except as otherwise provided by Article 1430, all of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, may be served as provided in Article 1313.
B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, unless filing is required under the provisions of Paragraph C of this Article or unless ordered to be filed by the court.
C. * * *
(4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
(emph. added).
Article 1313 requires that when service is made by mail, the party or counsel making the service shall file in the record a certificate of the manner in which service *325 was made.[1] While relator does not dispute that plaintiffs' counsel mailed the letter and reports to relator's counsel, he contends that plaintiffs did not file in the record a certificate of the manner in which service was made. Relator argues that there is no notation in the record of any such certificate. However, without the record before this court, relator did not demonstrate to this court the lack of such a certificate. On the other hand, plaintiffs do not argue that they did file a certificate of service and the suit ledger does not show any such filing.
In Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981, the court held that if the party properly mailed an interrogatory to another party, the failure to file in the record an article 1313 certification did not render the service ineffective; such service constituted a step in the prosecution and averted a dismissal for abandonment. The court reasoned that once the interrogatory was mailed as authorized by the article, authorized service of the interrogatory occurred and a step in the prosecution was taken. The court stated that article 1313 did not prescribe any time limit for the filing of the certificate in the record and did not provide that service by mail would lose its effectiveness at some point in time if the certificate was not filed. In Brister v. Manville Forest Products, 32,386, 32,387 (La.App. 2 Cir. 12/15/99), 749 So.2d 881, the Second Circuit found that a notice of deposition served on the adverse party by mail to be formal discovery and that the failure to file the certification of the manner service was made did not defeat the validity of the notice; the court noted that the notice was received by the defendant, as demonstrated by the defendant's reply letter. As in Brister, in the case at bar, relator's counsel does not dispute receiving the letter and medical reports. Thus, as in Charpentier and Brister, under the circumstances of the case at bar, the letter is sufficient to interrupt the abandonment period despite plaintiffs' failure to file a certificate of service in the record. Moreover, relator failed to produce the suit record to demonstrate the lack of a certificate of service, and thus, failed to demonstrate to this court that plaintiffs failed to file it.
Relator's second contention is that the letter was not formal discovery as authorized by La. Code Civ. P. art. 561 B because plaintiffs' counsel did not refer to the discovery requests nor deem the medical reports supplemental responses to discovery; moreover, the letter mentioned setting up future depositions, which relator contends was the purpose of the letter. Relator argues that the court's reasoning defeats the purpose of the abandonment article, drafted in part to relieve counsel of *326 the added burden of resorting to extrinsic evidence to determine the status of litigation.
The case at bar is distinguishable from Parson v. Daigle, 96-2569 (La.App. 1 Cir. 12/29/97), 708 So.2d 746, wherein this court rejected plaintiff's contention that correspondence from attorney James R. Hashek dated December 16, 1993, to counsel for one of the defendants, Patterson Truck Line Inc., was an "informal discovery" request, and as such, should be considered a step in the prosecution of his lawsuit. The letter advised that Mr. Hashek would be assisting plaintiff's counsel in representing plaintiff and also inquired "with respect to whether [either Patterson Group of Companies or Patterson Services, Inc.] is a parent of Patterson Trucking Co., and, if so, whether it joined the trucking company in bankruptcy." This court said that the jurisprudence was clear that such correspondence between counsel does not qualify as a formal action in or before the court sufficient to interrupt abandonment, even when such correspondence is filed into the court record, citing Chevron. In Chevron, the supreme court held that numerous correspondence filed into the record evidencing extensive settlement negotiations did not constitute formal action sufficient to interrupt abandonment.
However, in Parson, there was no formal discovery but only a letter containing a question, whereas in this case the correspondence could be construed as a formal response to interrogatories in that plaintiffs' counsel gave the reports of medical doctors treating plaintiff which had been requested by interrogatories which mentioned the need to supplement the responses.
For the above reasons, the trial court did not err in denying the motion to dismiss for abandonment because the correspondence was a response to discovery, and thus, formal discovery under La.Code Civ. P. arts. 561 and 1474, sufficient to interrupt the time period for abandonment. Moreover, in accord with Charpentier and Brister, the failure to file a certificate of service does not preclude the correspondence from being considered a step in the prosecution of the suit. Finally, relator did not demonstrate in its writ application that there was a failure to file the certificate of service. Therefore, this writ is denied.
WRIT DENIED.
NOTES
[1] La.Code Civ. P. art. 1313 states:

A. A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing.
(2) Delivering a copy thereof to the adverse party, or to his counsel of record.
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(4) Facsimile transmission of a copy thereof to the adverse party, at his number designated for facsimile transmission, or to his counsel of record, at his number designated for facsimile transmission, this service being complete upon receipt of the transmission.
B. When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.