832 So.2d 1153 (2002)
Michelle Renee BIAS
v.
Ernest J. VINCENT and Allstate Insurance Company.
No. 02-642.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
Catherine J. Smith, New Orleans, LA, for Plaintiff/Appellant: Michelle Renee Bias.
Kevin J. Koenig, Raggio, Cappel, Chozen & Berniard, Lake Charles, LA, for Defendants/Appellees: Ernest J. Vincent and Allstate Insurance Company.
Court composed of NED E. DOUCET, JR., Chief Judge, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.
*1154 DOUCET, Chief Judge.
Plaintiff, Michelle Renee Bias, appeals a judgment of the district court denying her motion to set aside a prior judgment of the trial court dismissing her suit against Defendants, Ernest J. Vincent and Allstate Insurance Company, for abandonment, i.e., failure to take any step in its prosecution for a period of three years. We affirm the judgment of the district court.
FACTS
Plaintiff was involved in a traffic accident with Defendant, Ernest J. Vincent, on February 15, 1997, while both were operating vehicles west-bound on Interstate 10 in Lafayette Parish. At the time of the accident, Mr. Vincent was insured by Allstate Insurance Company. As a result of the accident, Plaintiff filed the instant suit against both Mr. Vincent and Allstate on February 12, 1998. The record reveals that between April 29, 1998, and the filing of Plaintiff's Motion to Set for Trial on the Merits on July 31, 2001, nothing was filed in the record. On August 30, 2001, Defendants filed a Motion to Dismiss on the Ground of Abandonment based upon the provisions of La.Code Civ.P. art. 561. The motion to dismiss was originally heard on November 19, 2001, but due to lack of service on Plaintiff's attorney the judgment rendered that day was set aside and a second hearing was held December 10, 2001. The trial judge ruled in favor of the Defendant, and this appeal followed.
LAW AND DISCUSSION
A comprehensive discussion of the law applicable to motions to dismiss based upon the ground of abandonment can be found in Breaux v. Auto Zone, Inc., 00-1534, pp. 3-6 (La.App. 1 Cir. 12/15/00); 787 So.2d 322, 323-25, writ denied, 01-0172 (La.3/16/01); 787 So.2d 316 (footnote omitted), wherein our brethren of the first circuit expounded as follows:
La.Code Civ. P. art. 561 as amended in 1997 states, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
To avoid the abandonment of an action, a plaintiff must take a step in the prosecution of his lawsuit, the step must be taken in the trial court, and it must occur within 3 years of the last step taken by either party. Prior to the 1997 amendment, the jurisprudence held that a step was taken by a party when formal action was taken before the court and on the record with the intent to hasten the *1155 matter to judgment. See Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983); Rickey v. Fetty, 96-2762 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, writ denied, 98-2184 (La. 11/13/98), 731 So.2d 257.
Article 561 is to be liberally interpreted and any action or step taken to move a case toward judgment should be considered. The article was not intended to dismiss those cases in which plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit. Dismissal of the lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. Jones v. Phelps, 95-0607 (La. App. Cir. 11/9/95), 665 So.2d 30, writ denied. 95-2907 (La.2/2/96), 666 So.2d 1104. Article 561 is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned. American Eagle, Inc. v. Employers' Liability Assurance Corporation, Ltd., 389 So.2d 1339 (La. App. 1 Cir.1980), writs denied. 396 So.2d 885, 886 (La.1981).
Relator contends that the letter and enclosures sent by plaintiffs' counsel were not before the court or in the record, such that they were not a step in the prosecution. Relator contends that La.Code Civ. P. art. 1474 requires that discovery be served on an adverse party as required in La.Code Civ. P. art. 1313. La.Code Civ. P. art. 1474 states, in pertinent part,
A. Except as otherwise provided by Article 1430, all of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, may be served as provided in Article 1313.
B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, unless filing is required under the provisions of Paragraph C of this Article or unless ordered to be filed by the court.
C. * * *
(4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
(emph. added).
Article 1313 requires that when service is made by mail, the party or counsel making the service shall file in the record a certificate of the manner in which service was made. While relator does not dispute that plaintiffs' counsel mailed the letter and reports to relator's counsel, he contends that plaintiffs did not file in the record a certificate of the manner in which service was made. Relator argues that there is no notation in the record of any such certificate. However, without the record before this court, relator did not demonstrate to this court the lack of such a certificate. On the other hand, plaintiffs do not argue that they did file a certificate of service and the suit ledger does not show any such filing.

*1156 In Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981, the court held that if the party properly mailed an interrogatory to another party, the failure to file in the record an article 1313 certification did not render the service ineffective; such service constituted a step in the prosecution and averted a dismissal for abandonment. The court reasoned that once the interrogatory was mailed as authorized by the article, authorized service of the interrogatory occurred and a step in the prosecution was taken. The court stated that article 1313 did not prescribe any time limit for the filing of the certificate in the record and did not provide that service by mail would lose its effectiveness at some point in time if the certificate was not filed. In Brister v. Manville Forest Products, 32,386, 32,387 (La.App. 2 Cir. 12/15/99), 749 So.2d 881, the Second Circuit found that a notice of deposition served on the adverse party by mail to be formal discovery and that the failure to file the certification of the manner service was made did not defeat the validity of the notice; the court noted that the notice was received by the defendant, as demonstrated by the defendant's reply letter. As in Brister, in the case at bar, relator's counsel does not dispute receiving the letter and medical reports. Thus, as in Charpentier and Brister, under the circumstances of the case at bar, the letter is sufficient to interrupt the abandonment period despite plaintiffs' failure to file a certificate of service in the record. Moreover, relator failed to produce the suit record to demonstrate the lack of a certificate of service, and thus, failed to demonstrate to this court that plaintiffs failed to file it.
While the issue raised in the case sub judice is identical to that raised in Breaux, the facts differ. In the instant suit, Plaintiff's attorney testified that she prepared both Plaintiff's answers to Defendant's interrogatories and Plaintiff's interrogatories and gave them to her secretary to mail to Defendant's attorney. The secretary did not testify; thus, there is no evidence that Plaintiff's answers to Defendant's interrogatories and Plaintiff's interrogatories were actually mailed to Defendant's attorney. Additionally, Defendant's attorney testified that he did not remember receiving any such correspondence from Plaintiff's attorney, and that a diligent search of his files failed to produce either Plaintiff's answers to Defendant's interrogatories or Plaintiff's interrogatories to the Defendant.
Had there been either some proof that the answers to Defendant's interrogatories and Plaintiff's interrogatories to Defendant had been mailed to defense counsel or an admission by defense counsel that he had received the documents prepared by Plaintiff's counsel, Plaintiff would have prevailed. Likewise, had copies of those documents or the certification required by La.Code Civ.P. art. 1313 been filed in the record, this would have constituted sufficient proof to defeat Defendant's motion to dismiss.
However, in the case at bar, all we have is Plaintiff's counsel unsupported testimony that she prepared two sets of documents and gave them to her secretary to mail. In opposition we have the testimony of defense counsel that he did not receive the documents prepared by Plaintiff's counsel. Whether or not a step in prosecution of the case was taken after April of 1998 is a question of fact. It is well settled that:
Factual determinations of the trier of fact may not be reversed absent manifest error or unless they are clearly *1157 wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a trial court's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
[T]he reviewing court must give great weight to factual conclusions `of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217, pp. 11-12 (La.4/3/02); 816 So.2d 270, 278-79 (emphasis ours). In the case sub judice, Plaintiff's counsel's version of the facts and Defendant's counsel's version of the facts differ. The testimony of both of attorneys was self-serving. Thus, we cannot say that the trial judge's choice, believing the testimony of one over the other, was clearly wrong.
Accordingly, for the reasons stated, we affirm the judgment of the trial court denying Plaintiff's, Michelle Renee Bias', motion to set aside a prior judgment of the trial court dismissing her suit against Defendants, Ernest J. Vincent and Allstate Insurance Company, at Plaintiff's cost. All costs of this appeal are assessed against Appellant, Michelle Rene Bias.
AFFIRMED.