J^DENNIS R. BAGNERIS SR., Judge.
The relator, Robert Jenkins, seeks review of a September 15, 2003 judgment denying his motion to dismiss the plaintiffs’ action on the grounds of abandonment.
FACTS
The plaintiff, Tabitha DeGruy, individually and on behalf of her minor child, Jodie Smith, filed a petition for damages against the relator and ABC Insurance Company on May 5, 1997. The petition contained a notation to hold service. On or about April 20, 2000, the plaintiffs requested citation of the petition via a letter addressed to the Clerk of Court. The plaintiffs enclosed a check made payable to the Civil Sheriff for $30.00 to cover the cost of citation. The plaintiffs also filed into the record a Request for Notice. Although the clerk apparently received the letter on April 25, 2000, service of the petition apparently was never effectuated. However, it appears that no further action was taken in the case until April 17, 2003, when the plaintiff filed a notice to take the relator’s deposition on May 13, |22003. Shortly thereafter, on May 13, 2003, the plaintiff again requested service on the relator. That letter was filed into the record on May 14, 2003.
On July 23, 2003, the relator filed a rule to show cause why the matter should not be considered abandoned as of April 25, 2003. In support of the request to consider the matter abandoned the relator argued that the only action taken between April 25, 2000 when a request for service was made and May 13, 2003, when another request for service was made, was the filing of a notice of deposition. The relator argued that the notice of deposition filed on April 17, 2003 could not be considered a step in the prosecution of the case because La. C.C.P. art. 561 required that the deposition be served on all parties and that it be taken within the three-year prescriptive period. The plaintiff opposed the motion to dismiss arguing that filing of the notice of deposition and service by U.S. mail clearly constituted a step in the prosecution of the action. Additionally, the plaintiff averred that the relator knew about the scheduled deposition because an attorney contacted plaintiffs counsel on behalf of the relator to advise that the relator was not available for deposition on the scheduled dated.
A hearing on the relator’s rule was held on September 5, 2003, and on September *695 15, 2003, the trial court denied the motion to dismiss for abandonment. The relator seeks review of that judgment.
DISCUSSION
The relator argues that the trial court erred in failing to find that the case was abandoned where no defendant had ever been served and no deposition was ever taken prior to the running of the prescriptive period for abandonment. Moreover, the relator argues that the notice of deposition was improper under La. C.C.P. art. 131437 because even though no defendant had been served the plaintiff failed to obtain leave of Court to take the deposition.
La. C.C.P. art. 561, the abandonment statute provides in relevant part as follows:
Art. 561. Abandonment in trial and appellate court
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ...
B. Any formal discovery as authorized by this Code and served on all parties ivhether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action, (emphasis added)
Pursuant to the above-cited codal article, an action is considered abandoned when the parties fail to take a step in the prosecution or defense of the case for a three-year period. Clearly, the plaintiffs’ requests for service constitute steps in the prosecution of the case. Freedlander, Inc., The Mortg. People v. Certain, 623 So.2d 677, 678 (La.App. 4 Cir. 8/19/93). Moreover, in determining if a particular act constitutes a step in the prosecution of a case, our courts do not appear to make a distinction between cases wherein service is actually made prior to the prescriptive period and cases wherein service is made after the prescriptive period. Rather, the courts emphasize the fact that a request for service is a formal act that evidences an intention not to abandon an action. Thus, in Department of Transportation and Development v. Waste Management, Inc., et al., 626 So.2d 59 (La.App. 3 Cir. 11/03/93) the court reversed the dismissal of an action on grounds of abandonment where the action was not served until after the abandonment period had run. In Department of Transportation and Development v. Waste Management, Inc., et al. |4the plaintiff filed suit on March 27, 1987 against two defendants. The suit papers noted that service information would be provided at a later date. Four years later, an attorney filed a motion to enroll as co-counsel for the plaintiff. A year later, the plaintiff filed a motion to set for trial. The motion was denied because neither defendant had filed an answer. Service was finally requested more than five years after the suit was filed. The trial court dismissed the action on grounds of abandonment; the appellate court reversed, finding that the plaintiffs motion to set the case for trial constituted a “step” in the prosecution, which precluded a finding of abandonment.
In reaching that conclusion the court stated:
Whether or not the defendants were served within the five years is not relevant. All that is relevant is whether a ‘step’ in the prosecution of the case was taken within the five years. For the purpose of La.Code Civ. P. art. 561, a ‘step’ in the prosecution or defense is taken when a party ‘takes formal action, before the court and on the record, intended to hasten the matter to judgment.’ Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983) .... we do not *696 believe that it is necessary that the step actually move the case forward as the trial judge apparently believed. We think the more important consideration is whether the step taken demonstrates that the party has not abandoned either the prosecution or the defense of the case.... The filing of the motion was at least intended to hasten judgment. The filing evidences no intent on the part of the plaintiff to abandon the case, (emphasis added)
Department of Transportation and Development, 626 So.2d at 61.
Similarly, in King v. American Motorists Ins. Co., 295 So.2d 26 (La.App. 4 Cir.5/10/74), suit was filed but nothing further happened, not even service of process on any defendant, until three days short of five years, when the plaintiff amended his petition and requested service of process on all defendants. The trial court sustained the defendants’ exceptions of prescription and motions to dismiss |Ron the ground of abandonment, and the plaintiff appealed. This court held that the inclusion in the record of plaintiffs amending petition and his formal request for service were steps in the prosecution and, coming as they did within five years from suit, the action was not abandoned. In concluding that the case had not been abandoned the court specifically addressed the effect of a failure to serve the defendant when it stated:
It is not the issuance of the citation by the clerk nor the service of it by the sheriff that is controlling here. What is controlling is the plaintiffs request for such through the written documents filed in the record.
King v. American Motorists Ins. Co., 295 So.2d at 28.
In Landry v. Thomas, 422 So.2d 513 (La.App. 4 Cir. 11/2/82), the defendant was not served with process until more than five years after suit, but a motion to take his deposition was filed (though this, too, was not served until after suit) on the last day of the five years from suit. The Landry court held that this was a formal step indicating that there had in fact been no abandonment of the action. See also, Viesel v. Republic Inc. Co., 95-0244 (La. App. 4 Cir. 11/30/95), 665 So.2d 1221, wherein this court concluded that the plaintiff took a step in the prosecution of his action when he “clocked in” a notice of intent to take a deposition. Based on the reasoning of these cases, the relator’s argument that the filing of a notice of deposition does not constitute a step in the prosecution of the case if the deposition is not taken has no merit.
Moreover, there is nothing in La. C.C.P. art. 561 that requires that a deposition actually be taken in order to be deemed a step in the prosecution of the case. Rather, the article merely provides that any formal discovery served on all parties constitutes a step in the prosecution of the case. Prior to the 1997 | ^amendments to art. 561, filing a notice on the record was considered a step; but with the amendment any formal discovery whether filed in record or not is a step in the prosecution. Thus as noted in Brister v. Manville Forest Products, 32,386, 32,387 (La.App. 2 Cir. 12/15/99), 749 So.2d 881, “A notice of deposition served on the adverse party by mail is formal discovery.” Id. at p. 4, 749 So.2d at 884.
Moreover the mere fact that the plaintiff improperly served the discovery on the relator via mail prior to service of the petition without obtaining permission from the court does not appear to vitiate the effect of the action. Clearly, service of the notice of deposition by mail, even if it had not been filed into the record, would have been sufficient to constitute a step in the prosecution of the case if the petition had *697 already been served on the plaintiff.[1] There appears to be no dispute that the relator received the notice because an attorney acting on the relator’s behalf contacted plaintiffs’ counsel to advise that the relator would not be available on the proposed deposition date. The fact that service was made without first obtaining permission from the court appears to be a technical error on the part of plaintiffs’ counsel. This court has been reluctant to uphold dismissals for technical non-compliance with rules where it appeared a plaintiff had not evidenced an intention to abandon a case. Instead, this court has been very liberal in its interpretation of La. C.C.P. art. 561. Thus, in Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981, this court held that where the plaintiffs had mailed an interrogatory to the defendant but had failed to file in the record an article 1313 ^certification reflecting service of the interrogatory by mail, such service was a step in the prosecution thus precluding dismissal of the action for abandonment.
Although it appears that the plaintiffs may have been dilatory in taking steps to proceed with this case, a review of the various documents filed in support of the writ application reveals that the plaintiffs manifested their intention to pursue this case by taking various steps within three years of each other. The plaintiffs filed their petition on May 5, 1997; they requested service of the petition almost three years later, when on April 20, 2000 they requested service and paid the required fee. The plaintiffs’ April 20, 2000 letter requesting service is stamped by the deputy clerk as being received on April 25, 2000. In the letter, plaintiffs’ counsel indicates that she was enclosing a check for $30.00 to cover the cost of service. This request for service of citation was clearly filed prior to the expiration of the three-year prescriptive period for abandonment. The case apparently lay dormant until April 17, 2003 (three days shy of the three year abandonment period) when the plaintiffs filed into the record a copy of a Notice of Deposition that was mailed to the relator on April 17, 2003. The plaintiffs then again requested service on the relator on May 13, 2003.
The service by mail of the notice of deposition on April 17, 2003 constituted a step in the prosecution of the case. Because that step occurred within three years of April 20, 2000, we do not find that the trial court clearly erred in denying the relator’s request to dismiss the case for abandonment.
In addition to these reasons, we note that relator waived any argument that the case was abandoned when he answered the lawsuit on September 8, 2003, and | ¿when he answered discovery on September 11, 2003.[2] Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 15 (La.5/15/01), 785 So.2d 779, 789.
*698 Accordingly, the judgment of the trial court is affirmed.
WRIT GRANTED; RELIEF DENIED.

. In Hargis ex rel. Krey v. Jefferson Parish, 99-0971 (La.App. 4 Cir. 12/8/99), 748 So.2d 606, this court held that a letter (not filed in record) sent by plaintiffs to the clerk of civil district court requesting service on the defendants and payment of fees for service on some defendant did not constitute a formal step in the prosecution so as to prevent abandonment under art. 561. The Supreme Court granted the plaintiffs’ request for writs, and in Hargis v. Jefferson Parish, 2000-0072 (La.3/17/00), 755 So.2d 891, reversed the judgment of this court dismissing the plaintiffs’ suit on the ground of abandonment and remanded to the district court for further proceedings.

. This Court does not address the issue of whether the case should have been dismissed pursuant to La. C.C.P. art. 1201 and/or art. 1672 C for failure to request service within ninety days because that issue has not been raised or addressed by the trial court.