671 So.2d 981 (1996)
Terry Luke CHARPENTIER, Russin Charpentier and Alcida Cherami
v.
Christian M. GOUDEAU.
No. 95-CA-2357.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*982 J. Arthur Smith, III, Baton Rouge, for Plaintiffs-Appellants.
Christian M. Goudeau, Opelousas, in pro. per., Defendant-Appellee.
Before SCHOTT, C.J., and LOBRANO and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
Plaintiffs have appealed from a judgment dismissing their suit on the ground of abandonment. The issue is whether the mailing of a discovery interrogatory by plaintiffs to defendant constitutes a step in the prosecution of the case so as to preclude dismissal for abandonment pursuant to C.C.P. art. 561.
After various proceedings were filed by the parties, on May 7, 1990, defendants answered a set of interrogatories propounded by plaintiffs. Nothing further occurred until March 31, 1995, when plaintiffs propounded another interrogatory to defendant. On May 19, 1995, the trial court dismissed plaintiffs' suit as abandoned under art. 561.
This article provides that an action is abandoned when the parties fail to take any step in its prosecution or defense for five years. Art. 1474(C)(4) provides that the serving of "any discovery materials" pursuant to the article shall be considered a step in the prosecution for purposes of art. 561 even though such discovery materials are not filed in the case record. In Delta Development Co. v. Jurgens, 456 So.2d 145 (La.1984) the court held that the five year period for abandonment was interrupted as to all defendants when plaintiff propounded interrogatories against one of them.
Defendant first argues that this case is an exception because plaintiffs mailed the interrogatory to him, but failed to file in the record a certificate that they mailed the interrogatory as required by the last paragraph of C.C.P. art. 1313. This argument is without merit because once the interrogatory was mailed as authorized by the article, authorized service of the interrogatory occurred and a step in the prosecution was taken. The article does not prescribe any time limit for the filing of the certificate in the record and it does not provide that service by mail would somehow lose its effectiveness at some point in time if the certificate is not filed.
Defendant also argues that the second interrogatory could not constitute a step in the prosecution because it was no more than a duplicate of a previous interrogatory which defendant answered in May 1990. Plaintiffs contend that the previous answer was evasive and failed to provide the information sought so that they were forced to reiterate their request in the March 1995 interrogatory. In Gibson v. Valentine Sugars, Inc., 485 So.2d 620, 621 (La.App. 4 Cir. 1986) writ denied 489 So.2d 920 (La.1986) this court recognized the principle that art. *983 561 is to be given a liberal interpretation in favor of any action or step taken by plaintiff to move his case forward. In the light of this principle defendant's second argument is without merit.
Accordingly, the judgment appealed from is reversed and defendant's motion to dismiss the suit is denied. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to defendant.
REVERSED AND REMANDED.