975 So.2d 138 (2008)
Kevin A. PADUA
v.
Michael Townsend GRAY and Gray and Company, Inc.
No. 2007-CA-0824.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Rehearing Denied February 14, 2008.
*139 Donald J. Gisevius, Kenner, LA, for Plaintiff/Appellant.
Dominic J. Gianna, John D. Person, J. McCaleb Bilbro, Marianne Garvey, Lezly L. Petrovich, Middleberg Riddle & Gianna, New Orleans, LA, Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MAX N. TOBIAS, JR.).
JAMES F. MCKAY III, Judge.
Plaintiff/appellant, Kevin Padua ("Padua"), appeals the dismissal of his case on the grounds of abandonment. For the reasons set forth below, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On June 1, 2001, Padua was involved in an automobile accident with defendant/appellee, Michael Townsend Gray. The defendant's vehicle was owned and self-insured by Gray and Company, Inc. On May 28, 2002, Padua filed suit against Mr. Gray and Gray and Company, Inc. (collectively referred to as "Gray"). Gray answered the petition with a general denial. On June 24, 2003, Gray propounded a request for production of documents upon Padua. Padua answered the discovery request on July 8, 2003. Thereafter, no step was taken on the record until July 26, 2006, when Gray filed an ex parte motion and order to dismiss on the grounds of abandonment pursuant to La. C.C.P. art. 561.
On August 3, 2006, Padua filed a response to the ex parte motion to dismiss, requesting that the court deny the motion to dismiss or, in the alternative, reinstate his case. On August 10, 2006, the trial court signed the ex parte order dismissing Padua's case with prejudice.
For reasons not apparent from the record, Padua was not served with the order of dismissal until January 25, 2007. Thereafter, on January 31, 2007, Padua filed a motion to reset his case (in effect, a motion for new trial). The matter was heard on March 2, 2007.
In support of the motion to reset, Padua's attorney, Donald Gisevius, argued that the case was not abandoned because on August 26, 2005 (three days before Hurricane Katrina struck), his office mailed a notice of deposition, scheduling the deposition of Mr. Gray for October 10, 2005, to Gray's attorney, Dominic Gianna. Mr. Gianna presented the trial court with affidavits attesting to the fact that his office never received the August 26, 2005 correspondence and notice of deposition from Mr. Gisevius' office. Mr. Gianna also argued to the court that Mr. Gisevius unilaterally scheduled the deposition after having no communication with Mr. Gianna for over two years. It was also pointed out that despite Mr. Gisevius' returning to *140 New Orleans near the end of September of 2005, he made no attempt to proceed with the deposition that he scheduled for October 10, 2005, did not contact Mr. Gianna regarding the deposition, and did not communicate with Mr. Gianna until after the abandonment motion was filed in late July of 2006.
On March 7, 2007, the trial court rendered judgment denying Padua's motion to reset. In Reasons for Judgment, the trial court stated:
Furthermore, the court finds that under the facts of this case, mailing defense counsel Notice of Deposition did not constitute a step in prosecution. First, it appears that prior to counsel for plaintiff mailing the Notice of Deposition to defense counsel on August 26, 2005, the attorneys had not corresponded or spoken with one another for over two years. And, despite this long period of inactivity, and in total disregard of customary local trial practice, counsel for plaintiff just arbitrarily selected a date for the deposition and mailed a notice to defense counsel. Three days after counsel for plaintiff mailed the notice, the New Orleans area was hit by Hurricane Katrina and then widespread flooding which resulted in months of turmoil and great disruption in all services including mail service. Yet, as of July 2006, some eleven months later, counsel for plaintiffs had made no attempt to ascertain if defense counsel had received the notice, had made no attempt to re-set the deposition, and had made no attempt to even contact defense counsel. And, to this date, counsel for plaintiffs has never filed a Notice of Deposition with the Clerk of Court. Under these circumstances, the court finds that the mailing of a Notice of Deposition which was never received is not a step in the prosecution of the case so as to interrupt the running of time under CCP article 561.
Padua filed this timely appeal arguing that the trial court erred in dismissing his case on the grounds of abandonment.
STANDARD OF REVIEW
Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. Lyons v. Dohman, XXXX-XXXX, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court's interpretative decision is correct. Olavarrieta v. St Pierre, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568.
DISCUSSION
The issue presented here is whether the mailing of a deposition notice to opposing counsel may be deemed a "step" in the prosecution of the case where the notice was neither filed with the trial court nor received by opposing counsel.
Abandonment is governed by La. C.C.P. art. 561, which reads, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . .
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .
B. Any formal discovery as authorized by this Code and served on all *141 parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
The Louisiana Supreme Court has construed article 561 as imposing three requirements on plaintiff to avoid abatement: (1) The plaintiff must take some "step," which is defined as any formal action before the court intended to hasten the suit toward judgment, in the prosecution of the lawsuit; (2) The step must be taken in the proceeding, and with the exception of formal discovery, must appear in the record of the suit; and (3) The step must be taken within the legislatively prescribed time period of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784. See also Meyers ex rel. Meyers v. City of New Orleans, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/17/06), 932 So.2d 719, 721.
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark, XXXX-XXXX, p. 8, 785 So.2d at 785. That is to say, "abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." Id. at 786. It is further recognized that abandonment is not a punitive measure-it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Benjamin-Jenkins v. Lawson, XXXX-XXXX, p. 3 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, 895.
As we stated in Bibeau v. Forest Manor Nursing Home, XXXX-XXXX, p. 3 (La.App. 4 Cir. 8/18/05), 917 So.2d 1123, 1125, "the abandonment rule implicates two competing policies. The prevention of protracted litigation, filed for purposes of harassment or without serious intent to hasten the claim to judgment, is balanced against the maintenance of an action whenever possible so as to afford an aggrieved party his day in court."
In this case, the trial court concluded that under the circumstances presented, "the mailing of a Notice of Deposition which was never received is not a step in the prosecution of the case." We agree.
The jurisprudence has established that the proper mailing of a discovery notice or response to a discovery request is considered a step in the prosecution of the case where it is shown the correspondence was in fact received. See Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981; Breaux v. Auto Zone, Inc., XXXX-XXXX (La.App. 1 Cir. 12/15/00), 787 So.2d 322; Brister v. Manville Forest Products, 32,386, 32,387 (La.App. 2 Cir. 12/15/99), 749 Sq.2d 881.
Conversely, it is evident from the jurisprudence that when a discovery notice or response to a discovery request is mailed, the plaintiff has the burden of proving that the correspondence was actually received in order to be considered a step in the prosecution of the action.
In Lyons v. Dohman, XXXX-XXXX (La. App. 3 Cir. 5/30/07), 958 So.2d 771, the plaintiff argued that the trial court erred in dismissing his action for abandonment because his counsel mailed a letter to the clerk of court requesting that the matter be set for trial. Although the letter was never filed in the trial record, Lyons asserted that this action was a step in the prosecution that interrupted the three-year limitation provided in article 561. The trial court rejected Lyons' argument because Lyons could not present evidence that the letter was actually received. On appeal, the Court stated:
The burden was on Lyons to prove, by extrinsic evidence, a permissible cause *142 outside the record that prevented accrual of the three-year abandonment period. Moore v. Eden Gardens Nursing Ctr., 37,362 (La.App. 2 Cir. 6/25/03), 850 So.2d 998. That is to say, Lyons was required to present evidence for the record sufficient to set aside the trial court's prior dismissal. Hica Steel Foundry & Upgrade Co. v. Arklatex Envtl. Consultants, Inc., 39,460 (La.App. 2 Cir. 4/6/05), 899 So.2d 802. Lyons failed in that burden of proof.
At best, Lyons established that the October 29, 2003 letter had been prepared for delivery. He failed to prove by extrinsic evidence that the letter was mailed to, delivered to, or received by the clerk of court. Indeed, there was no evidence that the letter ever left the office of Lyons' counsel. In short, there was a total absence of any proof of facts prerequisite to reaching the question of whether the letter amounted to a step in the prosecution of the case.
Lyons, XXXX-XXXX, p. 4, 958 So.2d at 774.
In Bias v. Vincent, 2002-642 (La.App. 3 Cir. 12/11/02), 832 So.2d 1153, the Third Circuit Court held that plaintiff's attorney failed to establish that she took a step in the prosecution of plaintiff's accident claim where there was no evidence that plaintiff's answers to defendant's interrogatories and plaintiff's interrogatories were actually mailed to defendant's attorney. The Court stated:
Had there been either some proof that the answers to Defendant's interrogatories and Plaintiff's interrogatories to Defendant had been mailed to defense counsel or an admission by defense counsel that he had received the documents prepared by Plaintiff's counsel, Plaintiff would have prevailed. Likewise, had copies of those documents or the certification required by La.Code Civ.P. art. 1313 been filed in the record, this would have constituted sufficient proof to defeat Defendant's motion to dismiss.
Bias, 2002-642, p. 5, 832 So.2d at 1156.
In the present case, it is undisputed that Padua's notice of deposition was neither received by Gray nor filed with the court. This Court is mindful of the liberal interpretation to be afforded article 561. However, given the delays and inaction apparent from the record, we do not find that appellant displayed a real intent to hasten this matter to conclusion.
CONCLUSION
For the foregoing reasons, we find no error on the part of the trial court in determining this action to be abandoned pursuant to article 561. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., dissents and assigns reasons.
MURRAY, J., dissents and assigns reasons.
I find the trial court erred by dismissing the action on the basis of abandonment. La. C.C.P. art. 561(B) provides:
Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
The plaintiff's counsel submitted proof by affidavit that the notice of deposition was placed in the mail to defense counsel's office on August 26, 2005, three days prior to Hurricane Katrina's landfall. Moreover, the trial court apparently believed that the notice had been mailed, as evidenced by its Reasons for Judgment, which state: ". . . the court finds that under the facts of this case, mailing defense *143 counsel Notice of Deposition did not constitute a step in prosecution." (Emphasis added.)
I find this conclusion of the trial court to be contrary to the law as expressed in the Louisiana Code of Civil Procedure. La. C.C.P. art. 1313(A) provides that every pleading subsequent to the original petition may be served by:
(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
La. C.C.P. article 1474 further provides that all discovery notices that are required to be in writing and to be served on the adverse party may be served in accordance with Article 1313. Moreover, Part (C) 4 of Article 1474 states:
The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
In view of this law, I believe that once the trial court found that the notice of deposition had been mailed prior to the expiration of the abandonment period, it was an error of law for the court not to conclude that this mailing constituted a step in the prosecution of the case which precluded abandonment. See Charpentier v. Goudeau, 95-2357 (La. App. 4 Cir. 3/14/96), 671 So.2d 981. Considering that the abandonment statute is to be interpreted liberally in favor of maintaining actions, I would reverse the trial court's ruling and remand the matter to that court.
Accordingly, I respectfully dissent.