CLARENCE E. McMANUS, Judge.
 

 | ¡¿Plaintiffs have filed this appeal from the trial court’s judgment granting the City of Kenner’s Rule to Show Cause, finding plaintiffs’ claims to be abandoned, and dismissing all claims of plaintiffs. For the reasons which follow, we reverse the trial court’s judgment and remand this matter to the trial court for further proceedings.
 

 STATEMENT OF THE CASE
 

 On December 10, 2002, Michael Dunn filed a petition for damages on behalf of himself and a class of similarly situated employees of the Fire Department, City of Kenner, and of the Kenner Fire Fighters Association Local 1427 I .A. F.F., an unin
 
 *1116
 
 corporated labor organization. Plaintiffs alleged the City of Kenner miscalculated the employees’ longevity pay, overtime pay, and holiday pay by failing to pay the state supplemental pay amounts and intentionally concealed the miscalculations.
 

 The City of Kenner filed an answer to the petition, along with an exception and affirmative defenses on February 13, 2003. Plaintiffs filed a motion to certify class and a hearing was held on February 6, 2006. On February 11, 2004, the trial court issued a judgment
 
 certifying
 
 the class and ordering that the case be tried as a class action.
 

 |sOn June 25, 2007, plaintiffs filed a motion to compel discovery, seeking to compel defendants to answer their request for production of documents seeking computed readable payroll data, which they claim had been served on defendant by mail May 23, 2005. A rule to show cause hearing was set for August 1, 2007 and then reset for August 15, 2007, after an unopposed motion to continue was filed by the City of Kenner. The City claimed it had not received the request for production of documents allegedly served on it by the plaintiffs. Plaintiffs concede the request was not sent to the City by certified mail, therefore, there was no way to prove the mailing or the receipt of the documents. However, a copy of the request for production of documents was attached to the motion to compel that contained a certificate of service stating that plaintiffs’ counsel had sent a copy to opposing counsel on May 23, 2005 by United States mail.
 

 On September 24, 2007, the City of Ken-ner filed a rule to show cause why an order for dismissal should not be entered on the grounds of abandonment. In this rule, the City alleged it had already filed an ex parte motion and order for dismissal on the grounds of abandonment stating no steps were taken by either party in the prosecution or defense of the case for more than three years, from February 24, 2004 until June 25, 2007, when the motion to compel was filed. The rule to show cause filed by the City further indicated that the trial court refused to sign the order of dismissal without a contradictory hearing. A copy of the ex parte order filed by the City was attached to the rule as an exhibit.
 

 The plaintiffs filed an opposition to the City’s rule in the trial court, arguing that the Governor’s Executive Order after Hurricane Katrina, and later adopted by the legislature as La. R.S. 9:5822, extended the deadline by 90 days, so the three year period was extended from February 26, 2007 to May 28, 2007. Further, plaintiffs alleged a step in the prosecution of the case was taken on March 30, 2007 |4when plaintiffs’ counsel sent a letter by email to the City’s counsel inquiring of the status of the discovery responses. Plaintiffs also contend there were ongoing discussions between plaintiffs’ counsel and counsel for the City regarding discovery.
 

 The City argued in support of its rule that the emergency Katrina extension, contained in La. R.S. 9:5822, only applied “if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.” The three year abandonment period lapsed after that time period, therefoi’e, the City argued the extension did not apply. In addition, the City argued abandonment is only interrupted by the “serving” of discovery and the plaintiffs’ discovery request was not served by mail or delivery.
 

 The City’s rule filed on September 24, 2007 was set for hearing on November 7, 2007. However, the trial court determined it would rule on the memorandum and exhibits presented without oral argument and allowed the submission of an affidavit of counsel for the City attesting that there
 
 *1117
 
 were no steps taken in the case from February 24, 2004 until June 25, 2007.
 

 The trial court rendered judgment November 14, 2007, granting the City’s rule for abandonment and dismissing plaintiffs’ petition. The trial court also presented reasons for judgment on the same day finding the three year abandonment period tolled on February 24, 2007. The trial court found the governor’s order was not intended to suspend the deadlines in all cases, but only those deadlines accruing during the suspension period. The trial court stated that “to interrupt the suspension otherwise would lead to the absurd result of extending the deadline by 90 days, when those extensions were not necessitated by the emergency.”
 

 | ¡^Further, the trial court found that even if the plaintiff did communicate with defendant on March 30, 2007 regarding discovery, the three year period had already tolled February 24, 2007 and plaintiff had failed to show service of the discovery in May 2005 to interrupt abandonment. Plaintiffs filed a motion for new trial on November 21, 2007, which was denied by the trial court January 15, 2008. Plaintiffs now appeal the trial court’s granting of the dismissal of the case on the grounds of abandonment. For the reasons which follow, we reverse the trial court’s judgment and remand the matter to the trial court for further proceedings.
 

 DISCUSSION
 

 La. C.C.P. art. 561 addresses the abandonment of an action and states, in part:
 

 A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
 

 [[Image here]]
 

 B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
 

 Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal.
 
 Lyons v. Dohman,
 
 2007-0053, (La.App. 3 Cir.2007), 958 So.2d 771, citing
 
 Bias v. Vincent,
 
 02-642 (La. App. 3 Cir. 12/11/02), 832 So.2d 1153,
 
 writ denied,
 
 03-0112 (La.3/21/03), 840 So.2d 542. The Louisiana Supreme Court has held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit and abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which have clearly been abandoned.
 
 6Lyons,
 
 supra, citing
 
 Clark v. State Farm Mutual Automobile Insurance Company,
 
 00-3010 (La.5/15/01), 785 So.2d 779.
 

 La. C.C.P. art. 561 has been construed as imposing three requirements on plaintiffs: 1) plaintiffs must take a “step” towards prosecution of their lawsuit, 2) the step must be taken in the proceedings, and with the exception of formal discovery, must appear in the record of the suit, and 3) the step must be taken within the legislatively prescribed time period of the last step taken by either party.
 
 Brown v. Michaels Stores, Inc.,
 
 07-772 (La.App. 5 Cir. 2/19/08), 980 So.2d 62, citing
 
 Clark,
 
 supra.
 

 As stated above, La. C.C.P. art. 561(B) provides that any formal discovery served on parties, whether or not filed in the record, shall be deemed to be a step in the prosecution of an action. La. C.C.P. art. 1474 provides, in part:
 

 
 *1118
 
 A. Except as otherwise provided by Article 1430, all of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, may be served as provided in Article 1313.
 

 B. Interrogatories and the answers thereto, requests for production or inspection, and requests for admissions and the responses thereto authorized by Article 1421 shall be served upon other counsel or parties, but shall not be filed in the record of the proceedings, unless filing is required under the provisions of Paragraph C of this Article or unless ordered to be filed by the court. The failure or lack of filing such items shall not affect the use or admissibility at trial or by the court if otherwise authorized or provided by law. The party responsible for service of the discovery materials shall retain the original and become the custodian of such materials.
 

 [[Image here]]
 

 (4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
 

 In addition, La. C.C.P. art. 1313 provides, in part:
 

 A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of |7Iaw may be served as provided in this Article, may be served either by the sheriff or by:
 

 (1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
 

 [[Image here]]
 

 B. When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
 

 The Fourth Circuit has addressed the issue of abandonment of an action and the requirement of La. C.C.P. art. 1313, regarding the filing of a certificate into the record when service is made by mail.
 
 Charpentier v. Goudeau,
 
 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981, 982. The Fourth Circuit found that once an interrogatory was mailed, authorized service of the interrogatory had occurred and a step in the prosecution had been taken.
 
 Id.
 
 The Fourth Circuit went on to state that La. C.C.P. art. 1313 does not prescribe a time limit for the filing of the certificate in the record and does not provide that service by mail would somehow lose its effectiveness if the certificate is not filed.
 
 Id.
 

 In this case, defendants argue plaintiffs took no steps in the prosecution of the case between February 24, 2007 and June 25, 2007. When plaintiffs filed their motion to compel discovery on June 25, 2007, they were seeking to compel the City to answer the request for production of documents served on the City, by mail, May 23, 2005. A copy of the request for production of documents was attached to the motion to compel. The request for production included a certificate of service prepared by plaintiffs’ counsel indicating that the documents were being sent to counsel for the City by United States Mail on May 23, 2005. The plaintiffs also argue they took a step in the prosecution of the case by sending emails/letters |sto defendants to inquire about discovery responses before the abandonment time period had expired.
 

 
 *1119
 
 We find the request for production of documents sent by plaintiffs to the City on May 23, 2005 was a step in the prosecution of this action. The certificate of service attached to the request indicated it was mailed to counsel for the City on May 23, 2005 by United States Mail. This discovery request was in accordance with La. C.C.P. art. 1474 and service of this discovery was in accordance with La. C.C.P. art. 1313. As the Fourth Circuit found in
 
 Charpentier, supra,
 
 we also find the lack of filing of the certificate of service into the record does not cause this discovery to lose its effectiveness as a step in the prosecution of a case. Additionally, we note that copies of email correspondence between plaintiffs’ counsel and counsel for the City, which were attached to the plaintiffs’ trial court memorandum in opposition to the City’s rule, further demonstrated that plaintiffs did not intend to abandon this case.
 

 Since we find this discovery request, sent May 23, 2005, is a step in the prosecution of this case by plaintiffs, the three year abandonment period pursuant to La. C.C.P. art. 561 would not expire until May 23, 2008. Plaintiffs filed their motion to compel discovery on June 25, 2007. Therefore, we find the trial court incorrectly found plaintiffs’ case was abandoned.
 

 Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings.
 

 REVERSED AND REMANDED.