*594
 
 CLARENCE E. McMANUS, Judge.
 

 | ¡¿Plaintiffs have appealed the trial court’s judgment granting the City of Ken-ner’s exception of lis pendens, which dismissed plaintiffs’ suit without prejudice. For the reasons which follow, we affirm the trial court’s judgment.
 

 STATEMENT OF THE CASE
 

 On November 20, 2007, Michael Dunn, on behalf of himself and a class of similarly situated employees of the City of Kenner Fire Department and of the Kenner Fire Fighters Association Local 1427 I.A.F.F., filed suit against the City of Kenner alleging the miscalculation of wages. The plaintiffs also filed a motion to certify class.
 

 In response to the plaintiffs’ petition, the City of Kenner filed a declinatory exception of lis pendens and a peremptory exception of prescription. In its exception of lis pendens, the City argued this lawsuit replicates the suit previously filed by plaintiffs on December 12, 2002 in the Twenty-Fourth Judicial District Court entitled
 
 Michael Dunn and the Class of Similarly Situated Persons, Kenner Firefighters
 
 Association
 
 Local 1427 I.A.F.F. v. City of Kenner,
 
 District Court [¡^number 588-802. The City referred to the first lawsuit as “Dunn I”, and this current lawsuit as “Dunn II”.
 
 [1]
 

 In support of its exception of lis pen-dens, the City argued that the parties, causes of action and claims raised in both Dunn I and Dunn II are the same. Further, the City argued that both lawsuits are based on the same transactions and occurrences. Therefore, the City argued Dunn II must be dismissed based on the exception of lis pendens. In its exception of prescription, the City argued Dunn II was filed more than three years after the discovery of the alleged wage calculation errors, therefore, Dunn II is prescribed.
 

 In support of both exceptions, the City argued the plaintiffs filed Dunn II because the trial court found the plaintiffs had abandoned their first lawsuit, Dunn I, finding no steps in the prosecution were taken for more than three years. The City argued Dunn II was an attempt by plaintiffs to resuscitate the lawsuit that was deemed abandoned.
 

 At the time the City’s exceptions were filed, the trial court had denied the plaintiffs’ motion for new trial in Dunn I and the appeal delays had not yet expired. Thereafter, on February 7, 2008, plaintiffs filed an appeal with this Court in Dunn I arguing the trial court erred in dismissing their claims because the lawsuit was abandoned since no steps were taken in the prosecution of the case for three years.
 

 On March 14, 2008, the trial court held a hearing on the City’s exceptions of lis pen-dens and prescription, as well as the motion to certify class, in Dunn II. The trial court issued a judgment March 19, 2008, granting the City’s declaratory exception of lis pendens and dismissing plaintiffs’ suit without prejudice, at plaintiffs’ cost. The trial court also dismissed the exception of prescription and the Rmotion to certify class finding both were rendered moot by the judgment dismissing the suit on the exception of lis pendens.
 

 Plaintiffs now appeal this judgment arguing the trial court erred in granting the exception of lis pendens. We affirm the trial court’s judgment granting the exception of lis pendens and dismissing all claims of plaintiffs without prejudice.
 

 DISCUSSION
 

 The City filed its exception of lis pen-dens in Dunn II, pursuant to La. C.C.P.
 
 *595
 
 art. 925. La. C.C.P. art. 531 applies to determine when an exception of lis pen-dens is appropriate and states, in part:
 

 When two or more suits are pending in a Louisiana court or courts, on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
 

 We agree with the trial court that the City’s exception of lis pendens was properly granted because Dunn I and Dunn II are two suits pending in Louisiana courts that are based on the same transaction or occurrence and are between the same parties in the same capacities.
 

 First, we note that on March 26, 2009 this Court reversed the trial court’s judgment in Dunn I, finding plaintiffs’ claims had not been abandoned.
 
 Dunn v. City of
 
 Kenner; 08-378 (La.App. 5 Cir. 3/26/09), 2009 WL 792892. This Court remanded the matter to the trial court for further proceedings. Therefore, Dunn I remains a pending lawsuit in the trial court. Further, at the time the trial court granted the City’s exception of lis pendens in Dunn II, Dunn I was still a pending suit in this Court. Thus, there were two suits pending in Louisiana courts.
 

 Next, both lawsuits in Dunn I and Dunn II allege the City failed to include state supplemental pay in the calculation of longevity pay, holiday pay, or overtime pay. Therefore, both lawsuits are based on the same transaction or occurrence. | ¡Additionally, Dunn I and Dunn II are between the same parties in the same capacities. In Dunn I, the trial court granted a motion to certify class and defined the class as:
 

 All present and former employees of the Kenner Fire Department employed between the years 1981 through the present for whom the City of Kenner failed to include state supplemental pay in the calculation of longevity pay, holiday pay or overtime pay.
 

 In Dunn II, the plaintiffs’ petition contained the same description of the plaintiff class. Further, both Dunn I and Dunn II listed the City of Kenner as the defendant. Therefore, we find Dunn I and Dunn II involve the same parties in the same capacities.
 

 Since all requirements of La. C.C.P. art. 531 have been met, we find the City of Kenner may have the second suit, Dunn II, dismissed pursuant to an exception of lis pendens. Thus, we find the trial court correctly granted the City’s exception of lis pendens in Dunn II.
 

 Accordingly, we affirm the trial court’s judgment granting the City’s exception of lis pendens.
 

 AFFIRMED.
 

 [1]
 

 . For the purposes of this appeal, we will also refer to these lawsuits as Dunn I and Dunn II.