# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**23-772**

**WILLIAM COURY MOSS AND**
**SARAH JAMES MOSS**

**VERSUS**

**SUGARLAND EXTERMINATING AND**
**CHEMICAL COMPANY, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 131066
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.

**REVERSED AND REMANDED.**

**Ryan K. French**
**Taylor, Porter, Brooks & Phillips, LLP**
**Post Office Box 2471**
**Baton Rouge, LA 70821-2471**
**(225) 381-0262**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **William Coury Moss**
    **Sarah James Moss**

**Brandon Kent Falls**
**Campbell Law, PC**
**5336 Stadium Trace Pkway, Suite 206**
**Birmingham, AL 35244**
**(205) 278-6650**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **William Coury Moss**
    **Sarah James Moss**

**Joseph M. W. Burke**
**Sanchez Burke, LLC**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 427-7715**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **William Coury Moss**
    **Sarah James Moss**

**J. P. D'Albor, LLP**
**Haik, Minvielle, Grubbs & D'Albor**
**Post Office Box 11040**
**New Iberia, LA 70562-1040**
**(337) 365-5486**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Sugarland Exterminating and Chemical Company, Inc.**
    **Carroll L. Sellers**
    **Kevin Sellers**
    **Reid Sellers**

**PERRET, Judge.**

This case arises from an action involving a termite abatement services contract and subsequent termite damages suffered by Plaintiffs-Appellants, William Coury Moss and Sarah Moss. Plaintiffs filed suit on October 27, 2017. On March 8, 2023, Defendants-Appellees, Sugarland Exterminating and Chemical Company, Inc., ("Sugarland") Carroll L. Sellers, Kevin Sellers, and Reid Sellers, averred that Plaintiffs had not taken any steps in the prosecution of the suit since October 1, 2019, or February 17, 2020. The trial court agreed, and signed a March 8, 2023 Order of Abandonment. Plaintiffs filed a Motion to Set Aside Order of Dismissal. The trial court signed an August 2, 2023 Judgment, which denied Plaintiffs' motion and confirmed the March 8, 2023[1] Order of Abandonment. The August Judgment listed as Defendants "Sugarland Exterminating" only but confirmed the Order of Abandonment, which dismissed claims as to all Defendants. The August Judgment then dismissed Plaintiffs' claims with prejudice. Plaintiffs now appeal.

For the following reasons, we reverse the Judgment confirming the Order of Abandonment and dismissing Plaintiffs' claims and remand to the trial court for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND:**

Plaintiffs purchased a home in 2011 that was under contract for termite treatment with Sugarland Exterminating and Chemical Company, Inc. Sugarland initially treated the home for termites in 1986 or 1987, for a prior owner, and continued to reinspect and treat the home annually. In 2017, Plaintiffs discovered

---

[1] The August Judgment incorrectly lists the date for the Order as March 28, 2023. The Order was actually signed March 8, 2023.

a Formosan termite infestation. Thereafter, Plaintiffs filed this suit on October 27, 2017, alleging that the infestation was due to multiple failures of Sugarland's treatment of the property, failure to warn, and failure to notice that damage in 2013–2014 was active.

Several filings occurred in the record thereafter, but on March 8, 2023, Defendants filed an Ex Parte Motion for Abandonment pursuant to La.Code Civ.P. art. 561, asserting that Plaintiffs failed to take a step in the prosecution of their suit for a period of three years. The motion included the affidavit of Defendants' counsel, J. P. D'Albor, attesting that "[t]here have been no steps taken in the prosecution or defense of the original action . . . for more than three (3) years before the date of this Affidavit." Specifically, Defendants assert that, aside from motions to enroll counsel, the last step taken by a party involved in this case occurred on October 1, 2019, when the parties took the deposition of Coury Moss. Alternatively, Defendants suggest that the only other possible step by a party occurred on February 17, 2020, when Plaintiffs produced their Expert Witness Disclosures, which were not filed into the court's record, and Defendants dispute that this action constituted a step.

On that same day, March 8, 2023, after considering the Ex Parte Motion for Abandonment, the trial court signed an Order dismissing Plaintiffs' action against Sugarland, Carroll L. Sellers, Kevin Sellers, and Reid Sellers. The Order states that the action is "hereby dismissed as of the date of its abandonment, October 1, 2022, or alternatively on February 17, 2023."

On March 22, 2023, Plaintiffs filed a Motion to Set Jury Trial Date. Despite the Order granting abandonment and dismissal of the suit, the trial court set the

case for jury trial, and Defendants then filed a Motion to Quash. The Motion to Quash was denied but set for a hearing on May 19, 2023.

Thereafter, on April 6, 2023, Plaintiffs filed a Motion to Set Aside Order of Dismissal and memorandum in support. Plaintiffs assert that steps were taken regarding discovery within the three years preceding Defendants' Ex Parte Motion for Abandonment. Plaintiffs allege that on August 9, 2020, they sent written communication in follow up to two previous requests dated April 2, 2020, and February 17, 2020, to request that Defendants correct discovery deficiencies. Alternatively, Plaintiffs assert that the presumption of abandonment is rebuttable and should be interpreted liberally in favor of maintaining actions and that, in that regard, Plaintiffs have clearly demonstrated that they did not intend to abandon the action. Plaintiffs cite two exceptions to the abandonment presumption: the first is based on *contra non valentem*, which applies when circumstances beyond the parties' control prevent them from prosecuting a claim; and the second is when the defendant effectively waives his right to abandonment. Plaintiffs assert that both exceptions have occurred in this case. First, they assert that the COVID-19 pandemic prevented further steps from being taken in the case because the court was closed to civil jury trials from March 16, 2020, through April 1, 2021. Second, Plaintiffs assert that, following an e-mail regarding mediation on August 22, 2022, Defendants "lulled" Plaintiffs into believing the case would be mediated, then turned around and filed the Ex Parte Motion for Abandonment.

The Motion to Set Aside was heard on May 19, 2023, and evidence was admitted.[2] The trial court issued Reasons for Judgment on June 15, 2023. In its

---

[2] The August Judgment states that the hearing occurred on May 18, 2023, but the transcript and minutes give the hearing date as May 19, 2023.

3

Reasons for Judgment, the trial court dismissed Plaintiffs' arguments in support of setting aside the order of dismissal. First, the trial court noted that while letters scheduling a Louisiana District Court Rule 10.1 conference have been deemed a step by the supreme court, the e-mails in this case did not schedule or attempt to schedule a Rule 10.1 conference; thus, they do not meet the criteria of a step hastening a matter towards judgment. Second, the trial court disagrees that "informal e-mails discussing settlement negotiations" amount to a step in the proceedings. And third, the trial court found that the COVID-19 suspensions as to abandonment "only applied to matters that would have prescribed during the court shutdowns. This matter was not at risk of abandonment . . . at that time and does not benefit from those provisions." Thus, on August 2, 2023, the trial court signed the Judgment, which denied Plaintiffs' Motion to Set Aside Order of Dismissal, confirmed the March 2023 Order of Abandonment, and dismissed Plaintiffs' claims with prejudice.

Plaintiffs filed a Petition for Order of Devolutive Appeal and Designation of Record on July 7, 2023, and assert two assignments of error on appeal: "(1) The trial court legally erred by holding that the Plaintiff-Appellants had abandoned their claims under [La.] Code of Civil Procedure article 561; (2) Alternatively, the trial court legally erred by dismissing the Plaintiff-Appellants' claims *with prejudice*."

**DISCUSSION:**

This court has previously explained the standard of review for abandonment actions in *Margaret Fisk Munro v. British Am. Oil Producing Co.*, 16-1057, pp. 5–6 (La.App. 3 Cir. 11/8/17), 235 So.3d 1162, 1167 as follows:

4

On review, we are mindful that La.Code Civ.P. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." *Clark* [*v. State Farm Mut. Auto. Inc. Co.*, 00-3010, p. 8 (La. 5/15/01)], 785 So.2d [779] at 785. Additionally, an appellate court considers a trial court's findings of fact as to whether a step in the prosecution or defense of a case has been taken pursuant to the manifest error standard. *Gueldner v. Allstate Ins. Co.*, 09-720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143. However, the question of whether a particular, proven fact precludes abandonment is a question of law that is reviewed by considering whether the trial court's decision was legally correct. *Id.*

We also acknowledge that "abandonment balances two competing policy considerations—the concern about litigants having their day in court and a concern over indefinitely-lingering actions[.]" *Gravlee v. Gravlee*, 11-509, p. 4 (La.App. 3 Cir. 12/7/11), 79 So.3d 1169, 1173. These competing policy considerations result in "inconsistent" jurisprudence where "no bright lines exist." *Clark*, 785 So.2d at 787, quoting 1 Judge Steven R. Plotkin, *West Practice Group: Louisiana Civil Procedure* 359 (2001). "[B]ecause the requirements of formality and appearance on the record are intended to ensure notice to the defendant, when it is the defendant who is taking the action, the purpose of these requirements is not present, and the evidence outside the record can be considered." *Gravlee*, 79 So.3d at 1173.

**Did Plaintiffs abandon their claim?**

The version of La.Code Civ.P. art. 561 governing abandonment that was effective at the time of these proceedings stated:[3]

> A. (1) An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding[.] . . .
>
> . . . .
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit

---

[3] A new version of La.Code Civ.P. art. 561 took effect on August 1, 2023. Only minor changes to the quoted portions herein were made.

which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .

. . . .

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

The supreme court in *Clark*, 785 So.2d at 784 (footnotes omitted), explained the requirements set forth by La.Code Civ.P. art. 561 as follows:

Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party;* sufficient action by either plaintiff or defendant will be deemed a step.

The *Clark* court also noted two exceptions to the rule, permitting two categories of causes outside of the record to be considered in determining whether a case has been abandoned:

Those two exceptions are: (1) a plaintiff-oriented exception, based on *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

*Id*. at 784–85. Lastly, the court reiterated that the purpose of abandonment is not to "dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Id*. at 786. Thus, the jurisprudence construes La.Code Civ.P. art. 561 liberally and resolves "any reasonable doubt about abandonment . . . in favor of allowing the prosecution of the claim[.]" *La. Dep't of*

6

*Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-912, p. 5 (La. 12/6/11), 79 So.3d 978, 982.

As they did in the trial court, Plaintiffs assert on appeal that certain actions undertaken by them amount to a showing that their claim has not been clearly abandoned, especially in light of the principle that La.Code Civ.P. art. 561 be given a liberal interpretation in favor of preserving the claim.

Plaintiffs assert that "formal correspondence on April 2, 2020, (and on August 9, 2020[,])" equates to written discovery and, thus, a step in the prosecution of their case. Plaintiffs argue: "[u]nlike 'informal' e-mails checking on the status of discovery, the 2020 letter formally addresses Sugarland's discovery objections with respect to nine specified interrogatories and request for production" and "re-states" one request for production.

In *Oilfield Heavy Haulers, L.L.C.*, 79 So.2d 973, the supreme court analyzed a letter scheduling a Rule 10.1 conference regarding discovery under La.Code Civ.P. art. 561(A), because it was not "formal" discovery as discussed in subsection B. The supreme court ultimately concluded that a letter scheduling a Rule 10.1 conference is a step in the prosecution of the case, reasoning that "a Rule 10.1 conference is a prerequisite to filing a motion to compel discovery or other discovery motion" and "as a practical matter, . . . serves as a step . . . as it is an essential component of a motion to compel." *Id*. at 984. However, the court continued to note that "informal correspondence between parties regarding discovery matters is not a step sufficient to interrupt abandonment" and "'simply attempting to schedule' a discovery matter, such as depositions, through informal correspondence is not a step[.]" *Id*. 982–83. Instead, the court distinguished the Rule 10.1. letter because it is "specifically required by the District Court before a

party could take a step in the prosecution of the action" and to do otherwise "ignores the mandatory nature of Rule 10.1." *Id*. at 984.

The letter involved herein is dated February 17, 2020, and does not make any attempt to set forth a Rule 10.1 conference. Furthermore, the two follow-up e-mails, dated April 2, 2020, and August 9, 2020, also do not equate to a Rule 10.1 letter. However, Plaintiffs maintain that these letters and e-mails amount to formal discovery. Louisiana Code of Civil Procedure Article 561(B) states that "formal discovery . . . served on all parties whether or not filed of record . . . shall be deemed to be a step in the prosecution or defense of an action."

The February 17, 2020 letter and follow-up e-mails all noted deficiencies in prior discovery responses. The discovery responses deemed deficient were allegedly answered in 2018. However, Plaintiffs allege that letter re-states a production request. Specifically:

> **<u>RFP #18</u>**- Per the request of Sugarland in its response to this RFP, the plaintiffs re-state the requests, as follows: Please produce all DOCUMENTS in its possession that set out company policies, guidelines, directions, and instructions to its employees on the proper method of conducting a thorough annual inspection of properties it has under contract.

In *Charpentier v. Goudeau*, 95-2357, p. 2 (La.App. 4 Cir. 3/14/96), 671 So.2d 981, 982, the defendant asserted that a "duplicate" interrogatory sent in a subsequent discovery request could not be considered a step preventing abandonment. The fourth circuit noted that the plaintiffs "reiterated" the request due to defendant's prior "evasive" answer. *Id*. The fourth circuit then found no merit to the defendant's argument in light of "the principle that art. 561 is to be given a liberal interpretation in favor of any action or step taken by plaintiff to move his case forward." *Id*. at 982–83.

8

The record herein does not include the original Request for Production to determine whether the re-stated request seeks new information. However, keeping in mind the intent to allow cases to proceed, we find that the above is enough to conclude that the request was in fact re-stated to seek new or amended information.

Our inquiry does not end here, however, as formal discovery not filed into the record must be served on all parties to prevent abandonment. La.Code Civ.P. art. 561(B). Service of discovery is governed by La.Code Civ.P. art. 1474, which provides in pertinent part:

> A. Except as otherwise provided by Article 1430, all of the objections, notices, requests, affidavits, interrogatories, and answers to interrogatories, required by any Article in this Chapter to be in writing and served on an adverse party, may be served as provided in Article 1313.
>
> . . . .
>
> [C.](4) The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.

Relevant herein, La.Code Civ.P. art. 1313 provides, in pertinent part:

> A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
>
> (1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
>
> (2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.
>
> (3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
>
> (4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the

9

number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served.

B. When service is made by mail, delivery, or electronic means, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.

Reviewing the record, we note that there is no certificate of service in the record. In support of their argument, Plaintiffs cite *Fowler v. McKeever*, 52,754 (La.App. 2 Cir. 6/26/19), 277 So.3d 1238. In *Fowler*, the plaintiff mailed supplemental discovery responses to the defendant in response to a request by the defendant but did not file a certificate of service in the record. However, the receipt of the supplemental discovery was not disputed. The second circuit first determined that the supplemental discovery response was formal discovery. Then, the court considered the defendants' assertion that a certificate of service in the record was required. The court, citing *Breaux v. Auto Zone, Inc.*, 00-1534 (La.App. 1 Cir. 12/15/00), 787 So.2d 322, *writ denied*, 01-172 (La. 3/16/01), 787 So.2d 316, concluded that the defendants

> admitted receipt of [the] [p]laintiff's attorney's letter and medical release form. Citing prior jurisprudence, the First Circuit [in *Breaux*] found that, under those circumstances, the plaintiffs' counsel's failure to file a certificate of service in the record notwithstanding, the letter, once mailed pursuant to La. C.C.P. art. 1313, constituted service authorized by law and therefore was sufficient to interrupt the abandonment period.

*Fowler*, 277 So.3d at 1243(footnote omitted).

In *Charpentier*, 671 So.2d at 982, the court considered "whether the mailing of a discovery interrogatory by plaintiffs to defendant constitutes a step in the prosecution of the case so as to preclude dismissal for abandonment[.]" The defendant argued that although the interrogatory was mailed, the plaintiffs failed to

10

file a certificate of service in the record as required by La.Code Civ.P. art. 1313. The fourth circuit found this argument meritless:

> [O]nce the interrogatory was mailed as authorized by the article, authorized service of the interrogatory occurred and a step in the prosecution was taken. The article does not prescribe any time limit for the filing of the certificate in the record[,] and it does not provide that service by mail would somehow lose its effectiveness at some point in time if the certificate is not filed.

*Id.* There is no information in the *Charpentier* opinion regarding whether a certificate of service was eventually filed in the record or whether the defendant received the discovery. The language appears to infer that the *Charpentier* defendant did not contest that the discovery was mailed to him: "Defendant first argues that this case is an exception because *plaintiffs mailed the interrogatory to him*, but failed to file in the record a certificate that they mailed the interrogatory as required[.]" *Id.* (emphasis added).

Defendant notes the importance of notice regarding discovery and abandonment in citing *Paternostro v. Falgoust*, 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, *writ denied*, 04-2524 (La. 12/17/04), 888 So.2d 870. Therein, the court concluded that requests for production sent to a non-party, without service on all defendants, did not constitute a step which would prevent abandonment. Specifically, the court stated:

> According to the plain language of La. C.C.P. art. 1463, requests for production of documents may be directed to non-parties. However, the exception to the formal action requirement, found in La. C.C.P. art. 561(B), only applies to formal discovery that is authorized by the Code **and** served on all parties. *See Clark,* 00-3010, p. 6 n. 6, 785 So.2d at 784 n. 6. This requirement of service is in keeping with the concept of notice, which the supreme court recently addressed as follows: The rule requiring a party's action to be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. *Clark,* 00–3010, at p. 17, 785 So.2d at 790. Otherwise, actions interrupting abandonment could occur without opposing parties formally learning

of them for months or years, to their possible prejudice. *Clark,* 00–3010 at p. 17, 785 So.2d at 790.

> Therefore, we find that in order for request for production of documents to a non-party to be considered a step in the prosecution of a case, it must be served on all parties. In the instant action, plaintiff did not serve Dr. Falgoust with notice as required by La. C.C.P. art. 561(B) and did not file his requests for production of documents to non-parties into the record of the suit. Therefore, we find that plaintiff failed to establish that his requests for production of documents directed to non-parties qualified as steps in the prosecution of his suit.

*Id.* at 23.

In this case, Defendants do not admit that the February 17, 2020 letter was ever received; however, Defendants also do not deny receiving the April 2, 2020 e-mail referencing the letter or the August 9, 2020 e-mail with the letter as an attachment. The April 2, 2020 e-mail stated: "I did want to bring to your attention that my fellow counsel Brandon Falls sent J.P. D'Albor of your firm the attached letter on February 17th regarding several deficiencies which we feel exist with respect to your client's discovery responses in this case." According to the e-mail in the record, there was no attachment included. The August 9, 2020 e-mail referencing the February 17, 2020 letter did include an attachment to the e-mail. This e-mail states: "Please see my e-mail below which I sent back on April 2nd along with the attached letter from Brandon Falls of my firm dated Feb. 17th in which I raise several deficiencies in your clients' discovery responses." Thus, while we agree with the trial court that the e-mail itself is not sufficient as formal discovery, this e-mail does send the February 17th letter to Defendants.

Electronic service is permissible, and, according to La.Code Civ.P. art. 1313(A)(4), "[t]ransmitting a copy by electronic means to counsel of record . . . at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service" is considered "service" and "is complete upon

12

transmission[.]" As noted by the fourth circuit, La.Code Civ.P. art. 1313(A)(4) "does not define or give illustrative examples as to what constitute an 'other writing' for purposes of designating an e-mail address" and there is an "absence of jurisprudence on the definition." *W.L. Wyman Constr. Co., Inc. v. Sewerage & Water Bd. of New Orleans*, 22-175, p. 9 (La.App. 4 Cir. 9/30/22), 350 So.3d 927, 932, *writ denied*, 22-1618 (La. 1/11/23), 352 So.3d 988.

In *W.L. Wyman Constr. Co., Inc.*, the court found that, despite never "expressly designating his e-mail address on any pleading[,]" the defense counsel did accept e-mail service of discovery and deposition notices and "utilized his e-mail address to respond on behalf of S&WB to [the plaintiff's] discovery." *Id*. at 931–33. Ultimately, this conclusion led to the court reversing a dismissal of the case based on abandonment, finding that an e-mailed re-notice of deposition was properly served and was a step in the prosecution of the case.

The record does not contain a specific designation of an e-mail address but does include e-mail communications between the parties. There exist several e-mails between defense counsel's legal assistant and Plaintiffs' counsel and legal assistant in March of 2020, involving the topic of available dates for depositions. The record also contains two e-mails also exist in the record from Defendants' counsel to Plaintiffs' counsel, with the subject line referencing the Simoneaux case that was mediated between the two. One e-mail, dated August 22, 2022, was in response to Plaintiffs' counsel's inquiry into mediation and stated: "The carrier was previously interested in mediation. I can confirm[,] and we can get something on the books[.]"

Based on the above facts in this case, we conclude that the August 9, 2020 e-mail sending the re-stated request for production was discovery sufficient to

13

constitute a step in the prosecution of this case and that the trial court erred in finding that this e-mail was not a step preventing abandonment. Furthermore, the sending of this discovery in conjunction with Plaintiffs' continued attempts to mediate the case, as discussed below, supports our finding that neither party anticipated that this case would be abandoned.

Counsel for both parties were clearly engaged in at least two, possibly three, cases litigating matters against these Defendants. One matter, the Simoneaux matter, was mediated and settled first. Thereafter, Plaintiffs' counsel attempted to move on to the Moss matter. Regarding potential mediation, Plaintiffs' counsel asked Defendants whether they were still interested in mediation. While no mediation was ever scheduled, the correspondence on August 22, 2022, does demonstrate that Defendants were previously interested in mediation and that counsel would inquire whether that remained the case.

We are cognizant that our jurisprudence has stated that informal settlement negotiations are insufficient to interrupt abandonment of actions or waive a party's right to assert abandonment. *See Clark*, 785 So.2d 779 (distinguishing unconditional tenders from informal settlement negotiations); *Johnston v. CLD, Inc.*, 54,749 (La.App. 2 Cir. 10/12/22)] 349 So.3d 720; *In re Succession of Wright*, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, *writ denied*, 03-2969 (La. 1/16/04), 864 So.2d 632. However, in this case, with the discovery sent on August 9, 2020, and the discussion of the Moss case occurring in e-mails related to the Simoneaux matter, which was mediated first, we find that the policy consideration of Plaintiffs having their day in court outweighs a concern over "indefinitely-lingering actions[.]" *Gravlee*, 79 So.3d at 1173. We further reiterate that the

14

purpose of abandonment is not to "dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Clark*, 785 at 786.

Considering the above, we find that the trial court erred in dismissing this case as abandoned. Such a finding precludes our need to address Plaintiffs' alternative assignment of error.

**DECREE:**

For the foregoing reasons, we reverse the Judgment confirming the Order of Abandonment and dismissing the claims of William Coury Moss and Sarah James Moss and remand to the trial court for further proceedings. Costs of this appeal are assessed to the Defendants-Appellees, Sugarland Exterminating and Chemical Company, Inc., Carroll L. Sellers, Kevin Sellers, and Reid Sellers.

**REVERSED AND REMANDED.**